AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
DEC 19 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ PURVIS LAMAR ELLIS

DISTRICT COURT NUMBER
CR13-00818 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   JAMES C. MANN, AUSA

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Alameda County Jail

Has detainer been filed?  ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                      Before Judge:

Comments:

# PENALTY SHEET ATTACHMENT FOR PURVIS LAMAR ELLIS

COUNT ONE: 18 U.S.C. § 1962(d) – Racketeering Conspiracy

    (1) Imprisonment: Maximum Life.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNT TWO: 18 U.S.C. § 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering

    (1) Imprisonment: Maximum 10 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNT THREE: 18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering

    (1) Imprisonment: Maximum 20 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNT FOUR: 18 U.S.C. § 1959(a)(2) and 2 – Maiming in Aid of Racketeering

    (1) Imprisonment: Maximum 30 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNT FIVE: 18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence

    (1) Imprisonment: Maximum Life Imprisonment Mandatory Minimum 10 Years Imprisonment Consecutive To Any Other Term Of Imprisonment; If Second Conviction, Mandatory Minimum 25 Years Imprisonment Consecutive To Any Other Term Of Imprisonment
    (2) Fine: $250,000
    (3) Supervised Release: Maximum 5-Year Term
    (4) Special Assessment. $100.00

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
DEC 19 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ DEANTE TERRANCE KINCAID

DISTRICT COURT NUMBER
CR13-00818 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   JAMES C. MANN, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction      } ☐ Federal ☐ State
6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Alameda County Jail

Has detainer been filed? ☐ Yes ☐ No    } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

PENALTY SHEET ATTACHMENT FOR DEANTE TERRANCE KINCAID

COUNT ONE: 18 U.S.C. § 1962(d) – Racketeering Conspiracy

    (1) Imprisonment: Maximum Life.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNT TWO: 18 U.S.C. § 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering

    (1) Imprisonment: Maximum 10 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNTS THREE and SIX: 18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering

    (1) Imprisonment: Maximum 20 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNT FOUR: 18 U.S.C. § 1959(a)(2) and 2 – Maiming in Aid of Racketeering

    (1) Imprisonment: Maximum 30 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNTS FIVE and SEVEN: 18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence

    (1) Imprisonment: Maximum Life Imprisonment Mandatory Minimum 10 Years Imprisonment Consecutive To Any Other Term Of Imprisonment; If Second Conviction, Mandatory Minimum 25 Years Imprisonment Consecutive To Any Other Term Of Imprisonment
    (2) Fine: $250,000
    (3) Supervised Release: Maximum 5-Year Term
    (4) Special Assessment. $100.00

COUNT EIGHT: 18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm

    (1)    Imprisonment:    Maximum 10 Years.
    (2)    Fine:    $250,000
    (3)    Supervised release:    Maximum 3-year Term
    (4)    Special assessment:    $100.00

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
DEC 19 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DEFENDANT - U.S
▶ DAMIEN EDWARD MCDANIEL

DISTRICT COURT NUMBER
CR13-00818 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form     MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     JAMES C. MANN, AUSA

**DEFENDANT**

IS *NOT* IN CUSTODY
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☒ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution
  Alameda County Jail

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

PENALTY SHEET ATTACHMENT FOR DAMIEN EDWARD MCDANIEL

COUNT ONE: 18 U.S.C. § 1962(d) – Racketeering Conspiracy

    (1) Imprisonment: Maximum Life.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNT TWO: 18 U.S.C. § 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering

    (1) Imprisonment: Maximum 10 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNTS THREE and SIX: 18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering

    (1) Imprisonment: Maximum 20 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNT FOUR: 18 U.S.C. § 1959(a)(2) and 2 – Maiming in Aid of Racketeering

    (1) Imprisonment: Maximum 30 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNTS FIVE and SEVEN: 18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence

    (1) Imprisonment: Maximum Life Imprisonment Mandatory Minimum 10 Years Imprisonment Consecutive To Any Other Term Of Imprisonment; If Second Conviction, Mandatory Minimum 25 Years Imprisonment Consecutive To Any Other Term Of Imprisonment
    (2) Fine: $250,000
    (3) Supervised Release: Maximum 5-Year Term
    (4) Special Assessment. $100.00

COUNT NINE:  18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm

        (1)     Imprisonment:     Maximum 10 Years.
        (2)     Fine:     $250,000
        (3)     Supervised release:     Maximum 3-year Term
        (4)     Special assessment:     $100.00

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
DEC 9 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**

▶ JOSEPH PENNYMON

DISTRICT COURT NUMBER
CR13-00818 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    JAMES C. MANN, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Alameda County Jail

Has detainer ☐ Yes
been filed? ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

# PENALTY SHEET ATTACHMENT FOR JOSEPH PENNYMON

COUNT ONE: 18 U.S.C. § 1962(d) – Racketeering Conspiracy

    (1) Imprisonment: Maximum Life.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNT TWO: 18 U.S.C. § 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering

    (1) Imprisonment: Maximum 10 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNTS THREE and SIX: 18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering

    (1) Imprisonment: Maximum 20 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 3-year Term
    (4) Special assessment: $100.00

COUNT FOUR: 18 U.S.C. § 1959(a)(2) and 2 – Maiming in Aid of Racketeering

    (1) Imprisonment: Maximum 30 Years.
    (2) Fine: $250,000
    (3) Supervised release: Maximum 5-year Term
    (4) Special assessment: $100.00

COUNTS FIVE and SEVEN: 18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence

    (1) Imprisonment: Maximum Life Imprisonment
          Mandatory Minimum 10 Years Imprisonment Consecutive To Any Other Term Of Imprisonment; If Second Conviction, Mandatory Minimum 25 Years Imprisonment Consecutive To Any Other Term Of Imprisonment
    (2) Fine: $250,000
    (3) Supervised Release: Maximum 5-Year Term
    (4) Special Assessment. $100.00

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

CR13-00818 PJH

UNITED STATES OF AMERICA,

V.

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

**FILED**

DEC 1 9 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DEFENDANT.

---

**INDICTMENT**

18 U.S.C. § 1962(d) – Racketeering Conspiracy; 18 U.S.C. § 1959 (a)(5) and 2 – Attempted Murder in Aid of Racketeering; 18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering; 18 U.S.C. § 1959 (a)(2) and 2 – Maiming in Aid of Racketeering; 18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence; 18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm

---

A true bill.

_____ Foreman

Filed in open court this ___19___ day of December

_____ Clerk
12/19/13

Bail, $ No bail warrant for all 4 defendants

| 1 | MELINDA HAAG (CABN 132612) |
|---|---|
| 2 | United States Attorney |

FILED

DEC 1 9 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR13-00818 PJH |
|---|---|
| v. | ) |
| | ) VIOLATIONS – 18 U.S.C. § 1962(d) – Racketeering |
| | ) Conspiracy; 18 U.S.C. § 1959(a)(5) and 2 – |
| PURVIS LAMAR ELLIS, a/k/a "Bot," | ) Attempted Murder in Aid of Racketeering; 18 U.S.C. |
| DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay," | ) § 1959(a)(3) and 2 – Assault With a Dangerous |
| | ) Weapon/Resulting in Serious Bodily Injury in Aid of |
| | ) Racketeering; 18 U.S.C. § 1959(a)(2) and 2 – |
| DAMIEN EDWARD MCDANIEL, a/k/a | ) Maiming in Aid of Racketeering; 18 U.S.C. § |
| "Famous," "Lil' Dame," and | ) 924(c)(1)(A) and 2 – |
| JOSEPH PENNYMON, a/k/a "Junkie," | ) Use/Possession/Brandish/Discharge of Firearm in |
| | ) Furtherance of Crime of Violence; 18 U.S.C. § |
| Defendants. | ) 922(g)(1) – Felon In Possession Of A Firearm |
| | ) |

INDICTMENT

The Grand Jury charges, at all times relevant to this Indictment:

COUNT ONE:     (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

Introduction

1.     Sem City was a violent street gang with members operating in the city of Oakland, California, whose activities affected other parts of the United States. The members of Sem City primarily conducted their activities in the Seminary neighborhood of East Oakland, which was bordered by Seminary Avenue on the North, International Boulevard on the West, 62nd Avenue on the South, and Foothill Boulevard on the East.

1

2. Some members of Sem City signified their membership by wearing tattoos reading, "Seminary," "Sem," "Sem City," "Funk or Die," and "5900," the latter representing 5900 Bromley Avenue, which was the address of Sem City's original home base. Also, Sem City members frequently referred to one another by their gang names or monikers. Sem City members displayed gang signs by, among other things, closing their fist and extending their thumb and pinky finger.

3. Members of Sem City were expected to protect the name, reputation, and status of the gang from rival gang members and other persons. Sem City members required that all individuals show respect and deference to the gang and its membership. To protect the gang and to enhance its reputation, Sem City members were expected to use any means necessary to force respect from those who showed disrespect, including acts of intimidation and violence.

4. Members of Sem City engaged in criminal activity, including attempted murder, assault, robbery, narcotics distribution, pimping of minors, illegal firearms possession, and credit card fraud. Sem City members could be required to commit acts of violence to maintain membership and discipline within the gang, including violence against rival gang members or those they perceived to be rival gang members, as well as Sem City members and associates who violated the gang's rules.

5. There were leaders of Sem City. While they had no official titles, there were individuals who were feared, respected, and whose directions were required to be followed by other members. Below the leaders were "shooters," those gang members who were prepared and known to commit violence on behalf of the gang and to protect each other.

6. Sem City members communicated about gang activities with other members using mobile telephones, telephone text messages, and other modes of communication.

The Racketeering Enterprise

7. Sem City, including its leadership, members and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit that had a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

////

## Purposes of the Enterprise

8. The purposes of the Sem City enterprise included the following:

   a. Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

   b. Promoting and enhancing the enterprise and the activities of its members and associates, including, but not limited to, attempted murder, assault, robbery, narcotics distribution, pimping of minors, illegal firearms possession, credit card fraud, and other criminal activities; and

   c. Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence.

## The Racketeering Conspiracy

9. From at least in or about 2007, through and including in or about December of 2013, in the Northern District of California and elsewhere, the defendants,

> PURVIS LAMAR ELLIS, a/k/a "Bot,"
> DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
> DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
> JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each being a person employed by and associated with Sem City, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Sem City enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable under the following provisions of California law:

   a. Murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, and 653f;

   b. Robbery, in violation of California Penal Code §§ 211, 212.5, 213, 21a, and 664; and multiple acts involving the following provisions of federal narcotics laws:

   c. 21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute

| | |
|---|---|
| 1 | Controlled Substances); |
| 2 | and multiple acts indictable under the following provisions of federal law: |
| 3 | d. 18 U.S.C. § 1591(a) (Sex Trafficking of Minors); |
| 4 | e. 18 U.S.C. § 2422(b) (Enticement of Minor to Engage in Prostitution); |
| 5 | f. 18 U.S.C. § 1028 (Fraud in Connection with Identification Documents); and |
| 6 | g. 18 U.S.C. § 1029 (Fraud in Connection with Access Devices). |

10. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

### Number 1: Conspiracy to Commit Murder

11. On or about January 20, 2013, in the Northern District of California, the defendants,

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly and intentionally did conspire to commit the murder of Victim-1, in violation of California Penal Code §§ 187, 188, 189, and 182, to wit, the defendants agreed together and with each other to kill, with malice aforethought, Victim-1.

### Number 2: Attempted First Degree Murder of Victim-1

12. On or about January 20, 2013, in the Northern District of California, the defendants,

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly and intentionally and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-1, in violation of California Penal Code §§ 187, 188, 189, 21a, and 664.

////

COUNT TWO: (18 U.S.C. § 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering)

13. Paragraphs 1 through 6 and 8 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14. At all times relevant to this Indictment, Sem City, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

15. At all times relevant to this Indictment, Sem City, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts involving offenses chargeable under the following provisions of California law:

    a. Murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, and 653f;

    b. Robbery, in violation of California Penal Code §§ 211, 212.5, 213, 21a, and 664;

and multiple acts involving the following provisions of federal narcotics laws:

    c. 21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute Controlled Substances);

and multiple acts indictable under the following provisions of federal law:

    d. 18 U.S.C. § 1591(a) (Sex Trafficking of Minors);

    e. 18 U.S.C. § 2422(b) (Enticement of Minor to Engage in Prostitution);

    f. 18 U.S.C. § 1028 (Fraud in Connection with Identification Documents); and

    g. 18 U.S.C. § 1029 (Fraud in Connection with Access Devices).

16. On or about January 20, 2013, in the Northern District of California, for the purpose of gaining entrance to, maintaining, and increasing position in Sem City, an enterprise engaged in racketeering activity, the defendants,

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

5

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly, and intentionally did attempt to murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT THREE: (18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering)

17. Paragraphs 1 through 6, 8, 14, and 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

18. On or about January 20, 2013, in the Northern District of California, for the purpose of gaining entrance to, maintaining, and increasing position in Sem City, an enterprise engaged in racketeering activity, the defendants,

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly, and intentionally did assault Victim-1 with a dangerous weapon and assault Victim-1 resulting in serious bodily injury, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FOUR: (18 U.S.C. § 1959(a)(2) and 2 – Maiming in Aid of Racketeering)

19. Paragraphs 1 through 6, 8, 14, and 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20. On or about January 20, 2013, in the Northern District of California, for the purpose of gaining entrance to, maintaining, and increasing position in Sem City, an enterprise engaged in racketeering activity, the defendants,

PURVIS LAMAR ELLIS, a/k/a "Bot,"
DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly,

and intentionally did maim Victim-1, in violation of California Penal Code Sections 203, 204, and 205.

All in violation of Title 18, United States Code, Sections 1959(a)(2) and 2.

COUNT FIVE: (18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence)

21. On or about January 20, 2013, in the Northern District of California, the defendants,

> PURVIS LAMAR ELLIS, a/k/a "Bot,"
> DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
> DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
> JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, willfully and knowingly did use and carry and brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder in aid of racketeering, the assault with a deadly weapon resulting in serious bodily injury in aid of racketeering, and the maiming in aid of racketeering of Victim-1 charged in Counts Two, Three, and Four of this Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offenses charged in Counts Two, Three, and Four of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT SIX: (18 U.S.C. § 1959(a)(3) and 2 – Assault With a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of Racketeering)

22. Paragraphs 1 through 6, 8, 14, and 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23. On or about January 21, 2013, in the Northern District of California, for the purpose of gaining entrance to, maintaining, and increasing position in Sem City, an enterprise engaged in racketeering activity, the defendants,

> DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
> DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
> JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, unlawfully, knowingly, and intentionally did assault Victim-2 with a dangerous weapon and assault Victim-2 resulting in serious bodily injury, in violation of California Penal Code Section 245(a)(1).

1 | All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

2 | COUNT SEVEN: (18 U.S.C. § 924(c)(1)(A) and 2 – Use/Possession/Brandish/Discharge of Firearm
3 | in Furtherance of Crime of Violence)

4 | 24. On or about January 21, 2013, in the Northern District of California, the defendants,

DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"
DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame," and
JOSEPH PENNYMON, a/k/a "Junkie,"

together with others known and unknown, each aided and abetted by the other, willfully and knowingly did use and carry and brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a deadly weapon resulting in serious bodily injury in aid of racketeering of Victim-2 charged in Count Six of this Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offense charged in Count Six of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT EIGHT: (18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm)

25. On or about January 21, 2013, in the Northern District of California, the defendant,

DEANTE TERRANCE KINCAID, a/k/a "Tay-Tay,"

having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, unlawfully and knowingly did possess firearms, described as: (1) a Glock, Model 30, .45 caliber, semiautomatic handgun with serial number CDV174; (2) a Glock, Model 22Gen4, .40 caliber semiautomatic handgun with serial number RHD406; and (3) a Glock, Model 27, .40 caliber semiautomatic handgun with serial number KPK064; all in and affecting commerce, and which had been shipped and transported in interstate or foreign commerce, and all in violation of Title 18, United States Code, Section 922(g)(1).

COUNT NINE: (18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm)

26. On or about January 21, 2013, in the Northern District of California, the defendant,

DAMIEN EDWARD MCDANIEL, a/k/a "Famous," "Lil' Dame,"

having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, unlawfully and knowingly did possess firearms, described as: (1) a Smith & Wesson, Model

8

SW40VE, .40 caliber semiautomatic handgun with serial number DUM4701; (2) a Glock, Model 22Gen4, .40 caliber semiautomatic handgun with serial number RHD406; and (3) a Glock, Model 27, .40 caliber semiautomatic handgun with serial number KPK064; all in and affecting commerce, and which had been shipped and transported in interstate or foreign commerce, and all in violation of Title 18, United States Code, Section 922(g)(1).

DATED: 19-December, 2013

A TRUE BILL

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____ )
AUSA William Frentzen
AUSA James C. Mann