| | |
|---|---|
| 1 | CHRISTOPHER J. CANNON, State Bar No. 88034 |
| | MATTHEW A. LAWS, State Bar No. 273697 |
| 2 | Sugarman & Cannon |
| | 180 Montgomery Street, Suite 2350 |
| 3 | San Francisco, CA 94104 |
| | Telephone: 415-362-6252 |
| 4 | Facsimile: 415-362-6431 |
| 5 | Attorneys for Defendant DEANTE KINCAID |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 13-00818 PJH |
| Plaintiff, | **ALL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS AND SUPPORTING MEMORANDUM** |
| vs. | |
| DEANTE KINCAID, PURVIS ELLIS, JOSEPH PENNYMON, and DAMIEN MCDANIEL, | |
| Defendants. | Date: May 13, 2015<br>Time: 1:30 pm<br>Judge: Hon. Phyllis J. Hamilton |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO: United States of America, Plaintiff; Melinda Haag, United States Attorney; and Joseph Alioto, Assistant United States Attorney:

PLEASE TAKE NOTICE that on May 13, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Phyllis J. Hamilton, defendants Deante Kincaid, Purvis Ellis, Joseph Pennymon, and Damien McDaniel will and does hereby move for an order dismissing the Indictment in

this case, or in the alternative requiring a bill of particulars.[1]  This motion is based on the Fifth Amendment and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure, the entire file and record in this action, this motion, the below memorandum of points and authorities, and such argument and evidence as counsel may present prior to a decision in this matter.

Dated: February 6, 2015

Respectfully submitted,

/s/
Christopher J. Cannon
Matthew A. Laws
Attorneys for Deante Kincaid

On Behalf of All Defendants

---

[1] This motion is made on behalf of all defendants, because the Indictment is unreasonably vague as to all the defendants.  However, since this motion is filed by counsel for Kincaid, the arguments made will focus on the Indictment's failure to advise Kincaid of the charges he is facing as some of the arguments, particularly as to Count Eight are specific to Kincaid.

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

    A. ALLEGATIONS RELATED TO PENAL CODE VIOLATIONS IN COUNTS ONE AND TWO.................................................................................................2

    B. ALLEGATIONS CONCERNING THE TIME EACH DEFENDANT JOINED THE CONSPIRACY .................................................................................................3

    C. ALLEGATIONS REGARDING SPECIAL SENTENCING FACTORS ..........................4

    D. ALLEGATIONS RELATED TO COUNT TWO ...........................................................4

    E. VAGUE ALLEGATIONS IN COUNT THREE .............................................................5

    F. VAGUE ALLEGATIONS IN COUNT FOUR ...............................................................5

    G. VAGUE ALLEGATIONS IN COUNT FIVE .................................................................5

    H. VAGUE ALLEGATIONS IN COUNT SIX ....................................................................6

    I. VAGUE ALLEGATIONS IN COUNT SEVEN .............................................................6

    J. VAGUE ALLEGATIONS IN COUNT EIGHT ..............................................................6

II. ARGUMENT..........................................................................................................7

    A. THE DEFENDANTS WILL BE UNABLE TO ADEQUATELY DEFEND AGAINST THE INDICTMENT WITHOUT FURTHER PARTICULARIZATION OF THE ALLEGATIONS.......................................................7

III. CONCLUSION....................................................................................................11

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

Bourjaily v. United States,
    483 U.S. 171 (1987) ............................................................................................................. 3

Dretke v. Haley,
    541 U.S. 386 (2004) ........................................................................................................... 10

Goldyn v. Hayes,
    444 F3d 1062 (9th Cir. 2006) ............................................................................................ 10

Hamling v. United States,
    418 U.S. 87 (1974) ............................................................................................................... 8

In re Oliver,
    333 U.S. 257 (1948) ............................................................................................................. 7

Russell v. United States,
    369 U.S. 749 (1962) ......................................................................................................... 7, 8

Smith v. Groose,
    205 F.3d 1045 (8th Cir. 2000) ............................................................................................. 9

Stirone v. United States,
    361 U.S. 212 (1960) ....................................................................................................... 9, 10

Thompson v. Calderon,
    120 F.3d 1045 (9th Cir. 1997) ............................................................................................. 9

United States v. Bortnovsky,
    820 F.2d 572 (2nd Cir. 1987) ........................................................................................... 8, 9

United States v. Cecil,
    608 F.2d 1294 (9th Cir. 1979) ............................................................................................. 7

United States v. Choy,
    309 F.3d 602 (9th Cir. 2002) ......................................................................................... 10, 11

United States v. Dioniso,
    410 U.S. 1 (1973) ................................................................................................................. 7

United States v. Giese,
    597 F.2d 1170 (9th Cir. 1979) ............................................................................................. 8

United States v. Hess,
    124 U.S. 483 (1888) ............................................................................................................. 8

United States v. Keith,
    605 F.2d 462 (9th Cir. 1979) ................................................................................................9

United States v. Manetti,
    323 F.Supp. 683 (D.Del. 1971) ............................................................................................8

United States v. Pazsint,
    703 F.2d 420 (9th Cir. 1983) ..............................................................................................10

United States v. Solis,
    841 F.2d 307 (9th Cir. 1988) .........................................................................................9, 10

United States v. Trumpower,
    546 F. Supp. 2d 849 (E.D. Cal. 2008) ..................................................................................8

United States v. Valenzuela-Bernal,
    458 U.S. 858 (1982) ..............................................................................................................8

United States v. Yeo,
    739 F.2d 385 (8th Cir. 1984) ..............................................................................................10

Yeargain v. United States,
    314 F.2d 881 (9th Cir. 1963) ................................................................................................8

**Constitutional Authorities**

United States Constitution Fifth Amendment ..............................................................................7, 9

**Other Authorities**

Fed. R. Crim. P. 7(f) ..................................................................................................................2, 8

Fed. R. Evid. 801(d)(2)(E) .........................................................................................................3, 4

# I. INTRODUCTION

The Indictment in this case is extraordinarily vague. It alleges multiple generic violations of the California Penal Code, but the Indictment does not provide any factual anchors: the who, what, when, where, how of those alleged crimes. The Indictment also fails to allege a particular theory of liability as to each particular defendant. Instead, the Indictment alleges in the alternative that the defendants each committed substantive offenses and aided and abetted the others' commission of the same substantive offenses. In order to effectively prepare for trial, the defense must know who is alleged to have done what, when those acts occurred, and who was involved with them.

On December 19, 2013, the government indicted Purvis Ellis, Deante Kincaid, Damien McDaniel and Joseph Pennymon on one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), one count of Attempted Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5)(Count Two), one count of Assault With a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3) (Count Three), one count of Maiming in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(2) (Count Four), and one count of Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five). The Indictment also charges Kincaid, McDaniel, and Pennymon with one count of Assault With a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3)(Count Six) and one count of Use/Possession/Brandish/Discharge of Firearm in Furtherance of Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Seven). Kincaid and McDaniel are also individually charged with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) in Count Eight and Count Nine, respectively.

The Indictment contains vague and generic allegations that require the Court to grant of a Bill of Particulars, so that the defendants will be able to rationally prepare for trial. A Bill of Particulars will

also assist the Court and counsel in understanding the factual basis for the charges, the interrelationship of the alleged acts and defendants, and exactly what allegations the government is making against each defendant. Accordingly, the defendants, by and through counsel, hereby move this Court pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and Local Rule 16-1, for a Bill of Particulars, specifying the details of each defendant's alleged involvement, and the government's theory of each defendant's liability in sufficient detail so that each defendant may adequately prepare his defense.

### A. ALLEGATIONS RELATED TO PENAL CODE VIOLATIONS IN COUNTS ONE AND TWO

Counts One and Two of the Indictment charge a Racketeering Conspiracy and Attempted Murder in Aid of Racketeering, in violations of 18 U.S.C. § 1962(d) and 18. U.S.C. § 1959 (a)(5)(2), respectively. Paragraphs 9(a) and 15(a) allege that the defendants "together with others known and unknown," committed a laundry list of crimes, but do not provide any details of the crimes allegedly committed. There are no allegations of the time, place, or participants in any of the crimes alleged. The Indictment simply alleges that the defendants "together with others known and unknown", committed:

> ...multiple acts involving offenses chargeable under the following provisions of California law:
>
> a. Murder, in violation of California Penal Code§§ 187, 188, 189, 182, 21a, 664, and 653f;
> b. Robbery, in violation of California Penal Code§§ 211, 212.5, 213, 21a, and 664; and multiple acts involving the following provisions of federal narcotics laws:
> c. 21 U.S.C. § 84l(a)(l) (Distribution and Possession with Intent to Distribute Controlled Substances);
>
> and multiple acts indictable under the following provisions of federal law:
>
> d. 18 U.S.C. § 1591(a) (Sex Trafficking of Minors);
> e. 18 U.S.C. § 2422(b) (Enticement of Minor to Engage in Prostitution);
> f. 18 U.S.C. § 1028 (Fraud in Connection with Identification Documents); and
> g. 18 U.S.C. § 1029 (Fraud in Connection with Access Devices).

Indictment, ¶ 9, 15.

These lists of generic violations and do not provide adequate notice to the defense. The government should provide the defense with a list of the specific events it plans to introduce and a description of those events including the time, place, and participants in the events alleged in Paragraphs 9 and 15, subsections "a" through "g."

**B.     ALLEGATIONS CONCERNING THE TIME EACH DEFENDANT JOINED THE CONSPIRACY**

The Indictment alleges a Racketeering Conspiracy "From at least in or about 2007, through and including in or about December of 2013," but the Indictment fails to allege when each defendant jointed the conspiracy. The government should be required to inform the defendants on what date each defendant charged in Count One is alleged to have joined the Racketeering conspiracy. This information is necessary to prepare to defend this case because co-conspirator statements made in furtherance of the conspiracy are admissible under Federal Rule of Evidence 801(d)(2)(E) only if the statement was made by the co-conspirator while he was a member of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987). Because of the lengthy 7 year conspiracy alleged, it is probable that some of the defendants were not members of the conspiracy during portions of that 7 year period. Accordingly, the government should inform the defense regarding the time periods it believes the defendants were conspiracy members. Unless the government provides the information regarding the dates of each defendant's participation in the conspiracy, the government will be unable to comply with Local Rule 16-1(c) which requires the government to provide: "[a] summary of any statement the government intends to offer under F. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement." In order to adequately prepare a defense, the defendants are entitled to know what they and their alleged co-defendants allegedly said and whether the were allegedly coconspirators at the time the statement was made. Neither the Indictment nor the discovery produced to date, have provided that detail.

## C. ALLEGATIONS REGARDING SPECIAL SENTENCING FACTORS

The Indictment alleges two special sentencing factors in Count One. In Paragraph 11, the Indictment alleges in Special Sentencing Factor Number 1 that "on or about January 20, 2013" the defendants either conspired to commit murder or aided and abetted the murder conspiracy. Indictment, p. 4. The Indictment fails to specify which defendant allegedly participated in the murder conspiracy, and which defendant(s) aided and abetted the murder conspiracy. Similarly, in Paragraph 12, the Indictment alleges in Special Sentencing Factor Number 2 that "on or about January 20, 2013" the defendants either committed attempted first degree murder or aided and abetted the attempt. Id. The Indictment again fails to specify which defendant(s) actually committed the act(s) underlying the attempted murder charge and which defendant(s) aided or abetted those acts. In order to prepare and defend against the allegations in Paragraphs 11 and 12, the defendants are entitled to notice regarding the government's theory of criminal liability.

## D. ALLEGATIONS RELATED TO COUNT TWO

As noted above, Paragraph 15, subsections "a" through "g" contain the same generic list of violations included in Paragraph 9, subsections "a" through "g," but this time rather than allege the defendants and persons unknown, committed the crimes, the Indictment alleges that "Sem City, though its members and associates" committed the violations. Indictment, p. 5. The government should provide the defense with the specific events it plans to introduce to satisfy the crimes alleged in Paragraph 15, subsections "a" through "g." The government should inform the defense which particular "members and associates" of Sem City it alleges committed which act(s) contained in Paragraph 15, subsections "a" through "g." The government should inform the defense when it alleges the defendants, or others, joined Sem City. Because Paragraph 15 is incorporated by reference in Counts Three, Four, and Six, the basic who, what, when, where and why of the crimes alleged is also needed to defend against the charges

alleged in those Counts.

Paragraph 16 of the Indictment alleges that "on or about January 20, 2013" the defendants either attempted to murder "Victim-1" or aided and abetted that attempt. Indictment, pp. 5-6. The Indictment fails to specify which defendant(s) actually committed the act(s) underlying the attempted murder charge and which defendant(s) aided or abetted. The defense is entitled to know the government's theory of liability in order to adequately prepare for trial.

### E. VAGUE ALLEGATIONS IN COUNT THREE

Paragraph 18 alleges the defendants either "assault[ed] Victim-1 with a dangerous weapon," resulting in serious bodily injury or aided and abetted that assault. Indictment, p. 6. The Indictment fails to specify which defendant(s) actually committed the act(s) underlying the assault charge and which defendant(s) aided or abetted. Moreover, the Indictment fails to specify the "dangerous weapon" used to support the allegation, nor has it specified what kind of injury, if any, constituted "serious bodily injury." The defense needs these basic details to intelligently prepare for trial.

### F. VAGUE ALLEGATIONS IN COUNT FOUR

Paragraph 20 alleges the defendants either maimed Victim-1 or aided and abetted that maiming. Indictment, pp. 6-7. Again, the Indictment fails to specify which defendant(s) committed the act(s) underlying the maiming charge and which defendant(s) aided or abetted. Moreover, the government fails to specify what kind of injury, if any, supports the charge of "maiming." The defense needs these basic details to intelligently prepare for trial.

### G. VAGUE ALLEGATIONS IN COUNT FIVE

Paragraph 21 alleges the defendants either "did use and carry and brandish and discharge a firearm during and in relation to a crime of violence . . . in furtherance of the offenses charged in Counts Two, Three, and Four" or the defendants aided and abetted that conduct. Indictment, p. 7. The Indictment does not specify a particular firearm, nor does the Indictment indicate which defendant

DEF. KINCAID MTN DISMISS/ALT FOR BILL OF PARTICULARS 5
CR 13-00818 PJH

committed the act underlying the charge or which of the defendants aided and abetted the alleged act. The defense needs these basic details to intelligently prepare for trial.

### H. VAGUE ALLEGATIONS IN COUNT SIX

Paragraph 23 alleges the defendants either "assault[ed] Victim-2 with a dangerous weapon," resulting in serious bodily injury or aided and abetted that assault. Indictment, p. 7. The Indictment fails to specify which defendant(s) actually committed the act(s) underlying the assault charge and which defendant(s) aided or abetted. Moreover, the government has not specified the "dangerous weapon" used to support the allegation, nor has it specified what kind of injury, if any, constituted "serious bodily injury." The defense needs these basic details to intelligently prepare for trial.

### I. VAGUE ALLEGATIONS IN COUNT SEVEN

Paragraph 24 alleges the defendants either "did use and carry and brandish and discharge a firearm during and in relation to a crime of violence . . . in furtherance of the offense charged in Count Six" or the defendants aided and abetted that alleged conduct. Indictment, p. 8. The government does not specify a particular firearm, nor does the government indicate which defendant committed the act underlying the charge or which of the defendants aided and abetted the alleged act. The defense needs these basic details to intelligently prepare for trial.

### J. VAGUE ALLEGATIONS IN COUNT EIGHT

Paragraph 25 alleges Kincaid:

> ...having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, unlawfully and knowingly did possess firearms, described as: (1) a Glock, Model 30, .45 caliber, semiautomatic handgun with serial number CDV174; (2) a Glock, Model 22Gen4, .40 caliber semiautomatic handgun with serial number RHD406; and (3) a Glock, Model 27, .40 caliber semiautomatic handgun with serial number KPK064

Indictment, p. 8.

Here the Indictment fails to specify the felony conviction it alleges Kincaid suffered. The

defense requests the government provide information about the alleged prior conviction, including what Kincaid was convicted of, when the conviction occurred, and what state and county prosecuted the case. The same information should also be provided regarding McDaniel who is charged in Count 9.

## II. ARGUMENT

### A. THE DEFENDANTS WILL BE UNABLE TO ADEQUATELY DEFEND AGAINST THE INDICTMENT WITHOUT FURTHER PARTICULARIZATION OF THE ALLEGATIONS

The Fifth Amendment to the United States Constitution guarantees that an individual may not be prosecuted unless indicted by a grand jury or held to answer by a magistrate. United States v. Dioniso, 410 U.S. 1 (1973).

The Indictment requirement protects two important interests. First, it requires that an independent body determine if there is probable cause to proceed to trial. The second, more important purpose of an Indictment is to inform defendants of the charges so they can organize a cogent defense. Russell v. United States, 369 U.S. 749 (1962).

> [A]n Indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.

United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979) (citing Russell v. United States, 369 U.S. 749, 763, 768 n.15 (1962)).

Due process requires that an accused receive a meaningful opportunity to defend, including the opportunity to examine witnesses, offer evidence in defense, and be represented by fully prepared trial counsel. In re Oliver, 333 U.S. 257 (1948).

While the language of the statute may be used in the general description of the offense, "it must be accompanied with such a statement of the facts and circumstances as well inform the accused of the

specific offense, coming under the general description with which he is charged." <u>Hamling v. United States</u>, 418 U.S. 87, 117-118 (1974), citing <u>United States v. Hess</u>, 124 U.S. 483, 487 (1888).

When the charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses, to use compulsory process, and to mount a defense are seriously inhibited. This is the type of prejudice Justice Rehnquist defined as an "impairment of the ability to mount a defense." <u>United States v. Valenzuela-Bernal</u>, 458 U.S. 858, 869 (1982).

> One accused of a crime should have an opportunity to prepare his defense. Since one in his position must be presumed to be innocent, it must be assumed that he has no knowledge of the facts other than those supplied by the government. Accordingly the bill of particulars is designed to fill any gap between the facts disclosed by the Indictment and that "set of facts" which will permit him the opportunity of preparation.

<u>United States v. Manetti</u>, 323 F.Supp. 683, 695 (D.Del. 1971).

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the government to file a bill of particulars. <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979). The bill of particulars serves three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the Indictment itself is too vague, and indefinite for such purposes. <u>Id</u>; see also <u>United States v. Trumpower</u>, 546 F. Supp. 2d 849, 851 (E.D. Cal. 2008). However, a bill of particulars cannot save an invalid Indictment. <u>Russell v. United States</u>, 369 U.S. 749, 770 (1962); <u>Trumpower</u> at 851.

Although a defendant may not use a bill of particulars to ascertain all of the evidence which the government may intend to produce, a defendant is entitled to know the theory of the government's case as to each count. <u>Yeargain v. United States</u>, 314 F.2d 881, 882 (9th Cir. 1963). When crime may be committed in a variety of ways the government must provide a bill of particulars to specify the way the crime was committed. <u>United States v. Bortnovsky</u>, 820 F.2d 572, (2nd Cir. 1987). The failure to

provide particulars can shift the burden of proof to the defense. Id. Moreover, "[t]wo courts of appeals [including the Ninth Circuit Thompson v. Calderon, 120 F.3d 1045, 1058 (9th Cir. 1997) (en banc), rev'd on other grounds, 523 U.S. 538 (1998)] have recognized that inconsistent prosecutorial theories can, in certain circumstances, violate due process rights. Smith v. Groose, 205 F.3d 1045, 1049 (8th Cir. 2000).

Here, the government has not decided which defendants are principals, who are aiders and abettors, and what facts support the crimes alleged. We are just seeking an outline of the charges so we will know what acts and theories of liability to defend against.

A Bill of Particulars is also required to insure there is no variance from the crimes charged by the Grand Jury. In Stirone v. United States, 361 U.S. 212, 219 (1960), the Supreme Court stated:

> The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment . . . [W]e cannot know whether the grand jury would have included in its Indictment [an additional charge] . . . Yet because of the court's admission of evidence and under its charge this might have been the basis upon which the trial jury convicted petitioner. If so, he was convicted on a charge the grand jury never made against him. This is fatal error.

As the Ninth Circuit observed, "despite the lack of respect that the grand jury often has, the grand jury is still a thin line between official zeal and the citizenry." United States v. Solis, 841 F.2d 307 (9th Cir. 1988). "[T]he Fifth Amendment is violated when the grand jury charges one crime and the jury convicts of another." Id. at 309.

> The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the Indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.

United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979)(cits. omitted).

In <u>United States v. Pazsint</u>, 703 F.2d 420, 423 (9th Cir. 1983), the Ninth Circuit relied upon the language from <u>Stirone</u> and reversed a conviction after a defendant had been found guilty of a charge at variance with the Indictment. In <u>Pazsint</u>, the defendant was convicted under an Indictment captioned "Assault on a Federal Officer." The body of the Indictment, however, did not contain the word assault. It charged impeding, intimidating, and interfering with a federal officer. Nevertheless, the defendant was convicted of assault. Holding that "amending the Indictment to charge a new crime through the jury instructions constitutes per se reversible error," the Ninth Circuit reversed the defendant's convictions. <u>See</u> <u>also</u> <u>United States v. Solis</u>, 841 F.2d 307 (9th Cir. 1988); <u>United States v. Yeo</u>, 739 F.2d 385 (8th Cir. 1984).

In <u>Goldyn v. Hayes</u>, 444 F3d 1062, 1070 (9th Cir. 2006), the Ninth Circuit reemphasized the importance of charging and prosecuting defendants for the "correct" crime, even if there are other potential theories of liability. The Court noted that: "the state has a responsibility of charging her with the right crime…" and held that "she cannot be sent to prison for a crime she didn't commit because she might be guilty of a different crime altogether."

"Perhaps some would say that [Goldyn's] innocence is a mere technicality, but that would miss the point. In a society devoted to the rule of law, the difference between violating or not violating a criminal statute cannot be shrugged aside as a minor detail." <u>Id.</u> (citing <u>Dretke v. Haley</u>, 541 U.S. 386, 399-400 (2004)).

Again, in <u>United States v. Choy</u>, 309 F.3d 602 (9th Cir. 2002), the Indictment charged that Choy "gave, offered, and promised a thing of value (to wit $5,000) to a public official." <u>Id.</u> at 605. At trial, however, the government advanced an uncharged theory that Choy purchased computers to be used by a public official in a bribery scheme. <u>Id.</u> at 606. The district court instructed the jury that it could conclude that Choy "provided a thing of value" under either the theory charged in the Indictment or the theory advanced at trial. <u>Id.</u> The Ninth Circuit reversed because the new theory was a variance that

involved "a set of facts distinctly different from that set forth in the Indictment." Id. at 607. In this case, the Indictment sets out multiple theories of liability for multiple unspecified crimes and contains a laundry list of citations to California Penal Code Sections allegedly violated by the defendants and others unknown. The defense should be given the specifics of what each defendant is alleged to have done with whom as to each particular count.

### III. CONCLUSION

A defendant has a basic due process right to notice of the charges against him. Notice to be prepared for anything does not give a defendant notice of the particular charges he must defend against. This Indictment lacks sufficient specificity to ensure that the specific crimes charged in each count by the grand jury will be the same specific crimes presented to the petit jury. Accordingly, the defendants request that this Indictment be dismissed for a failure to adequately specify and provide notice of the crimes charged as to each particular count, or in the alternative, and without waiving any claims under the Fifth and Sixth Amendments, requests this Court grant a Bill of Particulars directing the government to provide the details requested regarding the alleged crimes, alleged in this Indictment.

Dated: February 6, 2015                    Respectfully submitted,

                                           /s/
                                           Christopher J. Cannon
                                           Matthew A. Laws
                                           Attorneys for Deante Kincaid

                                           On Behalf of All Defendants