CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
180 Montgomery Street, Suite 2350
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-362-6431

Attorneys for Defendant DEANTE KINCAID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DEANTE KINCAID, PURVIS ELLIS, DAMIEN MCDANIEL, AND JOSEPH PENNYMON, <br><br> Defendants. | Case No. CR 13-00818-PJH <br><br> **ALL DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE** <br><br> Date:  May 13, 2015 <br> Time: 1:30 pm <br> Judge: Hon. Phyllis J. Hamilton |

TO: United States of America, Plaintiff; Melinda Haag, United States Attorney; and Joseph Alioto, Assistant United States Attorney:

PLEASE TAKE NOTICE that on May 13, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Phyllis J. Hamilton, defendants Deante Kincaid, Purvis Ellis, Joseph Pennymon, and Damien McDaniel will and hereby move the Court pursuant to 18 U.S.C. § 3504(a) and Northern District of California Local Rule 16-1(c) (1) to Order the government to search for and disclose all information related to electronic surveillance of the defendants in this case or any evidence obtained related to this case as a result of electronic surveillance.

Dated: February 6, 2015            Respectfully submitted,

                                   _____/s/_____
                                   Christopher J. Cannon
                                   Matthew A. Laws
                                   Attorneys for Deante Kincaid
                                   On Behalf of All Defendants

## INTRODUCTION

18 U.S.C. section 3504(a), requires the government to "affirm or deny" the existence of electronic or other surveillance when a party has claimed that such surveillance has produced evidence against him. United States v. Alter, 482 F.2d 1016 (9th Cir. 1973).  This Motion constitutes a claim of surveillance; and a request for specifics regarding that surveillance.  While Ninth Circuit precedent requires nothing more than a "mere assertion" of unlawful surveillance in order to trigger the government's obligation to provide an unequivocal response; (United States v. Vielguth, 502 F.2d 1257, 1258 (9 Cir. 1974)); this Motion provides concrete and specific factual support for its claim that the Oakland police department conducted warrantless and illegal electronic surveillance.  Once the defendant's burden is met, the government must "affirm or deny" the existence of illegal electronic or other surveillance.  United States v. Alter, 482 F.2d 1016 (9th Cir.1973).

Typically, the specificity required of the government's response is "measured by the specificity and strength of the [defendant's] allegations," and a "general unsupportable claim requires only a general response."  In re Grand Jury Investigation, 437 F.3d 855, 857 (9th Cir.2006) (per curiam).  However, redactions to the discovery produced by the government indicate an attempt to keep the existence of electronic surveillance hidden from the defense.  Because the government has attempted to conceal information that would aid the defense in its discovery, the defense feels it is reasonable to assume additional information may have been suppressed that would aid the development of claims of electronic surveillance.  The government should not benefit from these redactions and therefore its response should not be measured by the specificity and strength of the defense's allegations.

If the government's search reveals that defendant has been exposed to electronic surveillance, or such surveillance has been directed at him, the defense requests the Court order the government to produce all information related to the surveillance to the defense so that it may evaluate and challenge its legality. If, on the other hand, the government's search discloses no record of electronic surveillance in

ALL DEFENDANTS' MTN FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE   2
CR 13-00818-PJH

1  this case, then defendant requests that a sworn declaration be submitted reporting the efforts made by the
2  government to discover the existence of the surveillance which defendant believes has occurred.

### STATEMENT OF FACTS

The government has produced Computer Aided Dispatch (CAD) logs which suggest that the Oakland police department ("OPD") was using electronic surveillance techniques to track the defendants in this case. Exhibit A is a page from a CAD log produced to the defense in the government's initial round of production. The CAD log from which Exhibit A was extracted was missing a number of pages when produced to the defense. Exhibit A contains a line that reads "CRUM ADV LOCK ON PHONE." Three lines below, the CAD log contains two lines which read "2L82 TO ALL UNITS. [REDACTION] PING SUSP PHONE IN BLDG TWDS REAR STILL WORKING ON OTHER THINGS BELIEVES FRIEND OF SUSP IS IN BLDG."

Exhibit B is the same page from the CAD log, but it was produced to the defense several months after Exhibit A, after the defense requested the government produce a complete CAD log without missing pages. Exhibit B still contains the same line that reads "CRUM ADV LOCK ON PHONE," however the line referring to pinging a suspect phone has been redacted.

The defense has not been provided warrants, applications, or court orders authorizing the "pinging" of any phones, nor the collection real-time cell site or GPS data, nor any authorization for the equivalent of a wiretap.

Other items produced in discovery indicate that OPD requested cell site data and PEN register information from at least two cell phones related to this case. Exhibit C contains pages faxed to Metro PCS from OPD requesting the creation of a PEN register, cell site locations, packet data, and call detail records. Exhibit D contains faxed pages requesting an AMA search, call detail records, cell site data, and the creation of a PEN register. Excel spreadsheets produced to the defense indicate that OPD received call records and cell site data in response to the requests contained in Exhibits C and D.

The defense has not been provided warrants, applications, or court orders authorizing the creation of any PEN registers, the collection of historical cell site or GPS data, or the release of call records.

Records disclosed by the city of Oakland pursuant to California state public records requests indicate that OPD employs a "Stingray" unit to conduct electronic surveillance. Exhibit E contains a memorandum which acknowledges that the Oakland police department has used electronic surveillance, including Stingrays, for the "monitoring, tracking, and apprehension of criminals." The memorandum states that electronic surveillance has been used to assist the fugitive task force. Exhibit E also contains what appears to be records of OPD cases in which electronic surveillance has been deployed, including the use of a Stingray device.

Exhibit F is a report of investigation from the United States Marshals Service which details the arrest of defendant Kincaid through the cooperation of the fugitive task force. The memorandum contained in Exhibit E, which states that OPD has used electronic surveillance to assist the fugitive task force, combined with the report in Exhibit F documenting the fugitive task force's assistance in Kincaid's arrest supports a colorable claim that electronic surveillance may have been used by either OPD or the Marshals Service.

## ARGUMENT

**I.     UPON PROPER REQUEST THE GOVERNMENT MUST AFFIRM OR DENY THE EXISTENCE OF ELECTRONIC OR OTHER SURVEILLANCE.**

**A.     Nothing more than a mere assertion is required when the requesting party claims they were subjected to surveillance.**

Under 18 U.S.C. section 3504(a), the government is required to "affirm or deny" the existence of electronic or other surveillance when a party has claimed that such surveillance has produced evidence against him. United States v. Alter, 482 F.2d 1016 (9th Cir. 1973). In United States v. Vielguth, the Ninth Circuit distinguished between claims made by a party alleging surveillance of themselves versus surveillance that encompassed only third parties. United States v. Vielguth, 502 F.2d 1257, 1258 (9th

Cir. 1974).  The specificity required to trigger the government's duty to "affirm or deny" the existence of electronic surveillance when made by a party claiming they themselves were surveilled is minimal.  "In Vielguth, the Ninth Circuit held that the government's obligation to affirm or deny the occurrence of electronic surveillance under section 3504(a)(1) 'is triggered by the *mere assertion* that unlawful wiretapping has been used against a party.' "  In re Nat'l Sec. Agency Telecommunications Records Litig., 564 F. Supp. 2d 1109, 1133 (N.D. Cal. 2008) (emphasis added); see also United States v. Tobias, 836 F.2d 449, 453 n. 5 (9th Cir. 1988) ("As we explained in *United States v. Vielguth,* [citation], the claimant must establish a *prima facie* case under *Alter* only if he alleges 'unlawful surveillance of conversations *in which he did not participate.*' "  [emphasis in original]).  The Court in Vielguth explained its reasoning in a footnote:

> Requiring the government to affirm or deny the existence of illegal surveillance of witnesses imposes only a minimal additional burden upon the government, but requiring a witness to establish the existence of such surveillance may impose a burden on the witness that he can rarely meet, since, to be effective, electronic surveillance must be concealed from its victim. Requiring more than a claim may encourage the development of more secretive means of illegal surveillance, rather than encourage elimination of such unlawful intrusions. Moreover, requiring a witness to disclose details regarding specific conversations that may have been subjected to surveillance would in itself be an invasion of privacy.

United States v. Vielguth, 502 F.2d 1257, 1260 n.4 (9th Cir. 1974).

In the case of a criminal defendant, requiring disclosure of details regarding specific conversations might embrace more immediate and severe peril by aiding the government in its prosecution or revealing self-incrimination evidence.  Therefore, even an unsupported claim of illegal electronic surveillance by a person who would be aggrieved had it occurred is sufficient to require the government to respond under oath.  Vielguth, 502 F.2d at 1258-1259.

Here, the defense has provided specific and concrete examples of surveillance, which is much more than the "mere assertion" required under Vielguth and Alter.  Morever, redactions of the CAD

produced in discovery, Exhibits A and B, appear to have been applied in order to frustrate the defense's ability to uncover and substantiate instances of surveillance.

> **B.    The required response under oath should include all the information "arguably relevant" to the surveillance or a denial that includes the specific agencies and individuals queried during the government's search.**

"Upon a preliminary showing by a criminal defendant that he was the victim of illegal electronic surveillance, the prosecution must unequivocally affirm or deny the use of such surveillance."  United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).   The government's response to a claim of surveillance must be "a responsive factual, unambiguous, and unequivocal affidavit."  United States v. Alter, 482 F.2d 1016, 1027 (9th Cir. 1973).   "The specificity of the government's response, and the comprehensiveness of the search upon which the response is based, must be measured against the specificity and support of the witness' allegations to determine whether the government has sufficiently responded to the claim."  In re Grand Jury Proceedings, 773 F.2d 1071, 1072 (9th Cir. 1985); see also In re Grand Jury Investigation, 437 F.3d 855, 857 (9th Cir. 2006).

If the government admits the existence of electronic surveillance, its response must include all information "arguably relevant" to that surveillance.  Under Alderman v. United States, 394 U.S. 165 (1969), a defendant is entitled to complete unscreened records, transcriptions and supporting affidavits and documents for any electronic surveillance to which he has standing to object.

> We conclude that surveillance records should be turned over to (the defendant) without being screened in camera by the trial judge.  Admittedly, there may be much learned from electronic surveillance which ultimately contributes nothing to the probative evidence but winnowing this material from those items which might have made a substantial contribution to the case against petitioner is a task which should not be entrusted wholly to a court in the first instance.  An apparently innocent phase, a chance remark, a reference to what appears to be a neutral person or event, the identity of a caller of the individual on the other end of a telephone or even the manner of speaking or using words may have special significance to one who knows the more intimate facts of an accused's life.

Alderman, 394 U.S. at 182.

If, on the other hand, the government denies the existence of electronic surveillance involving the defendant, its denial must be "factual, unambiguous and unequivocal." United States v. Alter, clearly sets forth the requirements for an adequate denial. Although the government responded in that case by affidavit as required and the affidavit contained a list of agencies to which inquiries had been directed, the response was insufficient:

> (The United States Attorney) speaks in conclusionary terms. He supplied no information about the identity of the person or persons with whom he communicated, the substance of his inquiries, or the substance or the replies. He states no facts from which the court could conclude that the six agencies he lists are the only governmental agencies that could have been involved in electronic surveillance. Nor does the affidavit reveal the dates of the claimed surveillance to which the inquiries we addressed. If any conclusions in the affidavit were later proved wrong, it would be virtually impossible to establish that the affidavit was perjured.

Alter, supra, 482 F.2d at 1027.

In re Harris, 383 F.Supp. 1036, 1038-1039 (N.D. Cal. 1974), provides a model for an appropriate governmental response to a claim of surveillance. The Court found the government's response was adequate because it included the names of the individuals contacted at each agency, copies of their response to the inquiry, and most importantly, the denials were unequivocal and did "not suffer from the `to my knowledge' defect disapproving by Chief Judge Chambers in his dissenting opinion in Vielguth."

In In re Tierney, 465 F.2d 806, 812 (5th Cir. 1972), the government's denial was held to be sufficient because the United States Attorney testified he had checked each investigative agency having anything to do with the case, six in all. The testimony was given under oath and subject to cross-examination. In United State v. Yanagita, 552 F.2d 940 (2nd Cir. 1977), a government affidavit denying surveillance based upon a check with the only investigative agency directly involved in the case was held sufficient because the section 3504 claim was made during trial, long after the defendant knew the facts asserted as the basis of the claim, and a check of all the agencies which might have been involved in

surveillance activities would have taken several week and would have disrupted the trial.

> During a continuing grand jury proceedings, the usual setting for claims under section 3504, time is usually not as much of the essence as during trial because the grand jury sits for a much longer period of time than the average trial jury and thus may recall a witness after his section 3504 request has been answered. Under these circumstances, a 3504 request will rarely be rejected as untimely, and the government has been held to a high standard of completeness in responding to such a request.

Yanagita, 552 F.2d at 943-944.

During pretrial proceedings, these time restraints are not present. Here, the Court has not yet set a trial date and therefore a more thorough check is required than what the Court in Yanagita deemed acceptable. If the government denies the existence of surveillance, the government will have ample time to conduct a thorough search. The government should respond by sworn affidavit and detail the manner and extent of its inquiry, including the individuals the government asked regarding the existence of surveillance as well as the responses to the government's inquiry.

## CONCLUSION

The defense has presented detailed and supported claims of surveillance to which the government must respond. The defense respectfully requests this Court order the prosecution to conduct a detailed inquiry regarding all surveillance and the evidence gathered from that surveillance in this case. Moreover, the defense requests this Court order the prosecution to respond with a detailed, sworn affidavit that documents the extent of the government's inquiry as well the individuals and agencies that the government questioned.

Dated: February 6, 2014          Respectfully submitted,

                                 /s/
                                 Christopher J. Cannon
                                 Matthew A. Laws
                                 Attorneys for Deante Kincaid

                                 On Behalf of All Defendants