BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorneys for Defendant
PURVIS LAMAR ELLIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>PURVIS LAMAR ELLIS, et al.<br><br>Defendant. | Case No. CR-13-00818 PJH<br><br>**MOTION TO SUPPRESS EVIDENCE SEIZED FROM DIGITAL DEVICES**<br><br>Hearing Date: May 13, 2015<br><br>Hearing Time: 1:30 p.m.<br><br>Trial Date: TBD |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND JOSEPH ALIOTO, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on May 13, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis Hamilton, United States District Judge, all defendants, by and through undersigned counsel of record for Purvis Ellis, Martha Boersch, will move this Honorable Court for an order suppressing evidence seized from all digital devices in this case.

/ / /

## INTRODUCTION

All defendants in this case hereby move to suppress all evidence seized from the searches of all cell phones or other digital devices seized from the defendants or seized from any place and searched without a warrant. This motion is based on the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014) and the Ninth Circuit's recent decision in *United States v. Camou*, ___ F.3d ___, 2014 U.S. App. Lexis 23347, at *1 (9th Cir. Dec. 3, 2014), the Fourth Amendment to the United States Constitution, related case law and the record herein.

## BACKGROUND

Purvis Ellis was arrested around 11:00 a.m. on January 22, 2013. Ex. A [REPORTS-DOCUMENTS ("RD") 0088]. When he was arrested, officers seized *a* mobile phone (the report does not identify the phone). *Id.* Earlier that morning or the night before, Oakland Police Officers searched four apartments located at 1759 Seminary Avenue in Oakland and seized a number of cell phones and laptops from those apartments. During a search of Apartment 212, allegedly sometime after 3:35 a.m. on January 22, 2013, the Oakland Police seized a Samsung Metro PCS cell phone, a black iPhone and an HP computer. Ex. B at RD 000351. At approximately 5:30 a.m., Officer Milina asked that the contents of the Samsung Metro PCS phone be downloaded. *Id*. At 11:35 a.m., Ellis was brought to CID and the reporting officer received "Ellis's personal belongings, including an iPhone 5 and a ZTE model 910 cell phone." *Id.* at RD 000351. At 7:55 p.m., Officer Saunders "took custody of Ellis's iPhone and ZTE cell phone in an attempt to download the contents." *Id*. at RD 000352. It is unclear from the reports when or if those two phones were actually seized from Ellis's person, since the earlier report states that Ellis had only one cell phone when he was detained and that phone is not identified.

At some point early in the morning of January 22, officers allegedly obtained two search warrants related to the four searched apartments: Apartments 108, 110, 112 and 212. One search warrant was allegedly obtained to search apartments 108, 110, and 212. That search warrant affidavit purported to authorize the seizure of "computers, computer records, cell phones, cell phone records" among other items related to the shooting on January 21, 2013. Another warrant was obtained to search apartment 112 for evidence related to the January 21 shooting. That warrant

affidavit similarly purported to authorize the seizure of cell phones and cell phone records, as well as "a cellular telephone thought to belong to Purvis Ellis Metro PCS with the telephone number 510-904 7509 registered to Wendell Stephens." There are no facts set forth in any of the affidavits in support of those warrants establishing probable cause to believe that evidence of any crime would be found on any cell phone or other digital device. Concurrently with this motion, Mr. Ellis also filed a motion to suppress all evidence found in apartment 212.

According to the search warrant inventories produced by the government (which, as noted) are inconsistent with various police reports), Oakland Police Officers seized the following cell phones and computers from the locations set forth below:

- <u>Apartment 212</u>: 2 cellphones [not specifically identified] and a laptop from the bedroom, and a cellphone [unidentified] from the kitchen (Ex. C [RD 000320]);
- <u>Apartment 108</u>: "Metro LG" (? [illegible]) (Ex. D RD 000317]);
- <u>Apartment 112</u>: Metro PCS Samsung Phone Red, Metro PCS Coolpad Phone Gray, iPhone silver, laptop HP mini, iPad, cell phone LGMS 690 silver T-mobile, Android tablet visual land (Ex. E [RD 000319]).

No search warrant was obtained to search the individual cell phones or computers once they had been seized.

Discovery produced by the government contains evidence and information that appears to be taken from some cell phones and/or laptops, including photographs, names and phones numbers, and call logs. *See, e.g.,* PHOTOS-VIDEOS-000022 (Data from mobile telephone\UFED LG CDMA MN-180 Select 268435460905280805 (HEX A0000031509425) 2013_01_22 (001))]; PHOTOS-VIDEOS-000026 (Data from Ellis SD card). It is not clear from the discovery produced by the government how, by whom, or when this information was obtained.

The government has not yet informed the defense whether it has produced all information seized from any digital device, whether it intends to admit any evidence seized from a digital device, or, if so, what evidence it intends to introduce or under what theory. However, because there was no warrant to search the contents of any cell phone, any evidence seized from a cell phone or other digital device should be suppressed.

# ARGUMENT

## I. THE CONTENTS OF CELL PHONES AND OTHER DIGITAL DEVICES CANNOT BE SEARCHED WITHOUT A WARRANT

In *Riley*, the Supreme Court held that the police may not, without a warrant, search digital information contained on a cell phone seized from a defendant who has been arrested. The Court rejected the government's argument that the search of the cell phone and seizure of data off the phones were lawful warrantless searches incident to the arrests of the defendants, overruling *People v. Diaz,* 51 Cal.4th 84, 119 Cal.Rptr.3d 105, 244 P.3d 501 (2011). *Riley* involved two defendants who were arrested in separate cases and their cell phones seized and their contents subsequently searched without a warrant. Defendant Riley's smartphone was seized during his arrest and the officer immediately viewed the readily accessible information on the phone. Two hours later, a detective further examined the contents of the phone. 134 S. Ct. 2480. Defendant Wurie's flip phone was seized when Wurie was arrested. After he was taken to the police station, the phone repeatedly rang and officers took information from the log of those calls to ultimately locate and go to Wurie's apartment, which they searched after obtaining a warrant. The Supreme Court held that evidence in both cases must be suppressed as fruit of the unlawful warrantless searches of the cell phones.

The Court rejected the government's and the State of California's efforts to justify the searches as permissible under *Arizona v. Gant*, 556 U.S. 332 (2009), which authorized the warrantless search of the passenger compartment of a car if there was reason to believe that evidence of the crime of arrest would be found in the car. The Court held that exception to be based on "circumstances unique to the vehicle context." *Id*. at 2492. The Court also rejected the government's argument that the information taken from the call logs of Wurie's phone were justified since it was akin to pen register information, which does not require a warrant under *Smith v. Maryland*, 442 U.S. 735 (1979), because pen registers are not searches at all while there was no dispute that the information taken from Wurie's phone resulted from a search.

/ / /

/ / /

## II. THE WARRANTLESS SEARCH OF THE CONTENTS OF THE DIGITAL DEVICES WAS NOT INCIDENT TO ANY LAWFUL ARREST OR PURSUANT TO ANY OTHER EXCEPTION TO THE WARRANT REQUIREMENT

The Ninth Circuit has since applied *Riley* to suppress the fruits of a search of a defendant's cell phone that was done an hour and twenty minutes after the defendant's arrest for alien smuggling. *United States v. Camou*, __ F.3d __, 2014 U.S. App. Lexis 23347, at *1 (9th Cir. Dec. 3, 2014). Camou was arrested after an illegal alien was found in the back of his car. Agents seized his truck and a cell phone found in the back of the truck. After Camou's arrest, the arresting agent searched the cell phone and reviewed call logs, videos, and photographs, which included 30-40 images of child pornography. The agent then called the FBI and several days later it executed a search warrant of the phone, finding several hundred images of child pornography. Camou was indicted for possession of child pornography and moved to suppress the evidence taken off his phone. The district court denied the motion, finding that the search was a lawful search incident to arrest, and even if it was not, the good faith and inevitable discovery exceptions applied. *Id.* at *3-7.

The Ninth Circuit reversed. It held that the search of the contents of the cell phone was not incident to Camou's arrest because it was too far removed in time from the arrest. *Id.* at *10, 13-15. The Court also held that the search could not be justified under the exigent circumstances or vehicle exception to the warrant requirement. *Id.* at *17-24. The Court rejected the exigent circumstances exception, which requires both probable cause to believe the thing or place to be searched contains evidence of a crime and circumstances that require immediate police action, because even if the government had probable cause, it could not show exigent circumstances under *Riley*. *Id.* at *17-19. The vehicle exception was similarly unavailing after *Riley*, because a cell phone could not be equated with other "containers" found in vehicles under *Riley*. *Id.* at *19-24.

The Ninth Circuit also rejected the government's arguments that, even if the warrantless search of Camou's cell phone was unconstitutional, the evidence could be admitted because it would have inevitably been discovered and because the search of the cell phone was done in good faith reliance on prior precedent. The Court held that the inevitable discovery exception did not apply because the government failed to show that it would have obtained a warrant, and because the

inevitable discovery rule does not "excuse the failure to obtain a search warrant where the police had probable cause but simply did not attempt to obtain a warrant." *Id.* at \*26 (quoting *United States v Young*, 573 F.3d 711, 723 (9th Cir. 2009)); *see also United States v. Mejia*, 69 F.3d 309, 320 (9th Cir. 1995) ("if evidence were admitted notwithstanding the officers' unexcused failure to obtain a warrant, simply because probable cause existed, then there would never be *any* reason for officers to seek a warrant." (emphasis in original)). The Court rejected the good faith exception of *United States v. Herring*, 555 U.S. 135, 145 (2009) because the agent did not reasonably rely on an external source to believe the search was lawful. *Id*. at \*28-29. Instead, the agent simply searched the phone himself, and *Herring* should be read as holding that "when an officer reasonably relies on incorrect information that was the result of *another* individual's 'isolated' and 'attenuated' negligence, the good faith exception applies." *Id.* at \*29 n.3.

The Ninth Circuit in *Camou* did not consider the good faith exception of *Davis v. United States*, __ U.S. __, 131 S.Ct. 2419 (2011), in which the Supreme Court held that an officer's objectively reasonable reliance on case law preceding its decision in *Arizona v. Gant*, 556 U.S. 332 (2009), was not subject to the exclusionary rule because suppression would do nothing to deter police misconduct. Several California courts have relied upon *Davis* to deny suppression motions based on *Riley* because prior precedent in California – *People v. Diaz, supra* – authorized searches of cell phones incident to arrests. *See, e.g., People v. Macebea*, 229 Cal. App.4th 486 (2014). For the reasons discussed below, however, the *Davis* good faith rule does not apply here.

### III. THE CONTENTS OF CELL PHONES AND DIGITAL DEVICES MUST BE SUPPRESSED

The various phones and digital devices in this case were each searched without a warrant. The searches were not incident to a lawful arrest. Under *Riley* and *Camou*, their contents must be suppressed. According to the police reports, only one phone was seized from defendant Ellis, and it was not searched until, at the earliest, more than 6 hours after his arrest. Ex. B [RD 000352] (At 7:55 p.m. on January 22, 2013, more than six hours after Ellis' arrest at 11:35 a.m., Officer Saunders takes custody of phone to search it); *but see* Ex. F [RD 000360] (three unidentified cell phones were recovered when Ellis was detained and "the content was downloaded by Officer

Webber on 31 Jan 13"). Under *Camou*, that search was not incident to Ellis's arrest.

Furthermore, none of the searches would have been lawful under *Diaz*, and so the good faith exception of *Davis* does not apply here. In *Diaz* the cell phone was found on the defendant's person and it was searched 90 minutes after the defendant's arrest. The search consisted of the officer viewing the readily accessible information on the phone, such as sent and received text messages. Here, all of the searches were apparently done hours after the defendants had been arrested and incarcerated. The searches consisted of digitally downloading all information from the phones, including, apparently, all metadata. Such an intrusion was not authorized by *Diaz*.

Finally, the phones apparently seized from the various apartments, and the warrantless searches of those phones, were obviously not incident to any arrest, nor were they done pursuant to any other exception to the warrant requirement. *Diaz* involved a search of the arrestee's person, and the cell phone was found on the arrestee's person. *Diaz* does not authorize the searches of any of the cell phones found in the four apartments. Therefore, any and all evidence derived from the searches of any digital devices must be suppressed.

## **CONCLUSION**

For the reasons set forth above, all defendants respectfully request that the Court suppress all evidence seized from the searches of all cell phones or other digital devices seized from the defendants or seized from any place and searched without a warrant.

Respectfully submitted,

BOERSCH SHAPIRO

DATED: February 6, 2015                    */s/ Martha Boersch*
                                            MARTHA BOERSCH