BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorneys for Defendant
PURVIS LAMAR ELLIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>PURVIS LAMAR ELLIS, et al.<br><br>Defendant. | Case No. CR-13-00818 PJH<br><br>**MOTION FOR DISCOVERY AND DISCLOSURE OF ANY 404(b) EVIDENCE AND DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANT**<br><br>Hearing Date: May 13, 2015<br><br>Hearing Time: 1:30 p.m.<br><br>Trial Date: TBD |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND JOSEPH ALIOTO, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on May 13, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis Hamilton, United States District Judge, all defendants, by and through undersigned counsel of record for Purvis Ellis, will move this Honorable Court for an order compelling the government to do the following: produce discovery that, pursuant to Federal Rule Criminal Procedure 16, it is required to produce but has so far

withheld; disclose whether, pursuant to Federal Rule of Evidence 404(b), the government intends to introduce evidence of Mr. Ellis's prior arrest and, if so, the purpose of any such evidence; and disclose the identity of the confidential informant, who is virtually the only source of information for what the government claims was probable cause to support the search and arrest warrants in this case. This motion is based upon the following Memorandum of Points and Authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this Motion.

## BACKGROUND

This case began as a state court prosecution of the defendant Purvis Lamar Ellis in state court for alleged possession of firearms seized from Apartment 212 at 1759 Seminary Avenue, Oakland, sometime on January 21 or 22, 2013 (the record is unclear as to when or pursuant to what authority the apartment was searched). After the District Attorney's Office produced some discovery to the defendant, and after Ellis's state court lawyer moved the court for production of the search warrant affidavits purportedly justifying the search pursuant to which the guns were allegedly recovered, the District Attorney dismissed the charges against Ellis. Some months later, the United States Attorney's Office obtained the present indictment against Ellis and his codefendants for charges related to the conduct with which Ellis and the codefendants were charged in state court.

Starting in January 2014, the government began producing discovery to the defendants consisting primarily of Oakland Police Department ("OPD") reports, medical records, jail letters and calls of the defendants, and photos and videos obtained from various digital devices that were seized in a number of searches. That discovery was heavily redacted in parts, although many, but not all, of the same police reports had been produced to the defendant in the state court proceedings without redactions. Various tranches of discovery continued to be produced over the next ten months.

The search warrant affidavits were not produced until December 5, 2014, after repeated requests by defense attorneys. The search warrant affidavits, like the discovery, were redacted. The affiant's statement of probable cause for each affidavit was based, almost entirely, on the redacted statements of confidential informant "X." Although whatever "X" told the police has been

redacted, it appears that "X" may have been a percipient witness to events relating to the charges in this case. In two of the warrant affidavits, the affiant also stated that probable cause existed in part because Ellis had, allegedly, previously been convicted in 2008 of possessing assault rifles.[1]

Ellis has made a number of requests to the government for discovery of information that the government is required to produce under various rules and legal authority. As noted above, the search warrant affidavit relied, in part, on the (false) statement that Ellis was convicted of possessing four assault rifles in 2008. The affidavit further stated that "search warrants" had been served on Ellis in the past and that Ellis was, allegedly, associated "with gangs known to commit shootings with great regularity" and referred to a specific OPD police report and an alleged wiretap of Ellis and others in 2008. RD 003414-15. Upon receiving the search warrant affidavits, and because of the motions schedule in this matter, counsel for Ellis requested that the government produce to the defense "any and all Oakland Police Department reports relating to the June 2008 investigation of Purvis Ellis and others, including, but not limited to, OPD Report Number 08-55051, which is referred to in the search and Ramey warrant affidavits recently produced." The government did not respond, and defense counsel reiterated her request on January 3, 2015, and asked that, because of the impending motion deadline, the government inform the defendant by January 16 if it intended to introduce any evidence relating to its 2008 investigation as evidence in its case-in-chief at trial, and, if so, under what theory. On January 20, 2015, the government responded that "[w]e are still deciding whether we will use the information from Mr. Ellis's 2008 arrest at trial. For purposes of any motions you may be filing, please assume we will introduce it as a racketeering act, an overt act, evidence of association, or 404(b)." Defense counsel responded specifically requesting notice of the government's intention to use any evidence at trial under Federal Rule of Evidence 404(b).

It is unclear whether or how the government intends to use evidence relating to Ellis's 2008 arrest. However, depending on how the government intends to use the evidence, Ellis may have different rights to challenge the evidence. For instance, if the government intends to use the evidence as an uncharged racketeering or overt act, the defendant may challenge that use as a

---

[1] That statement is false. *See* Defendant Ellis's Motion to Suppress Evidence Seized Pursuant to Arrest and for *Franks* Hearing, at 2, filed concurrently herewith.

violation of his due process rights to be tried only on facts and charges presented to the grand jury, he may be entitled to challenge the searches or police procedures that led to the evidence, or he may be able to challenge whether the acts are racketeering acts within the meaning of RICO or acts in furtherance of the charged conspiracy. Similarly, if the government intends to introduce the evidence under Rule 404(b), he may be able to challenge that as an improper use of character evidence or "other crimes." Therefore, it is critical for Ellis to know what the evidence is and how the government intends to use it at trial in this matter.

## I. THE GOVERNMENT MUST PRODUCE TO THE DEFENDANT INFORMATION REQUIRED BY RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The defendant has requested a number of items from the government that it must produce under the applicable discovery rules. While the government has produced some discovery responsive to Ellis's requests, other requests remain unanswered. Of those, a number should be produced now because they relate and are material to the issues that arise in the motions. Those items include:

- any and all Oakland Police Department reports relating to the June 2008 investigation of Purvis Ellis and others, including, but not limited to, OPD Report Number 08-55051, which is referred to in the search and Ramey warrant affidavits recently produced;

- any and all FBI 302s or agent notes regarding the events charged in the indictment or the searches that were executed on January 21, and January 22, 2013. (*See* REPORTS-DOCUMENTS 000273 (by 6:30 am on 1/22/13, the FBI was on scene)). Please also inform us of the names of any and all FBI and/or other federal law enforcement officers who were present on January 21, 2013 and/or January 22, 2013, including any federal prosecutors;

- any and all reports prepared by the Alameda County Sherriff's Department or the California Highway Patrol or employees or officers of those entities regarding the events or searches that occurred on January 21, 2013 and January 22, 2013. (*See id.*);

- any and all wiretap and/or search warrant applications, affidavits, or orders relating to the June 2008 investigation of Purvis Ellis and others, and which is referred to in the search and Ramey warrant affidavits recently produced (*See* REPORTS-DOCUMENTS 003414-15);

- copies of any recordings and/or transcripts of any electronically intercepted communication of Purvis Ellis between January 1, 2008 and the present (excluding any recorded jail calls that have already been produced);
- any and all Oakland Police Department reports relating to the June 2008 investigation of Purvis Ellis and others, including, but not limited to, OPD Report Number 08-55051, which is referred to in the search and Ramey warrant affidavits recently produced (*See* REPORTS-DOCUMENTS 003414-15);
- any and all OPD radio runs, dispatch tapes, CAD reports, or incident recall logs from January 20, 2013, January 21, 2013 and January 22, 2013, relating to the incidents charged in the indictment;

The government has indicated that Ellis should assume that it will use evidence from Ellis's arrest in 2008 in some capacity in its case-in-chief at trial. It therefore must disclose that evidence to Ellis under Rule 16(a). The remaining requests are directly relevant and material to the pending motions to suppress.

## II. THE GOVERNMENT MUST PROVIDE THE DEFENDANT WITH NOTICE OF ITS INTENTION TO INTRODUCE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)

Rule 404(b), subtitled "Crimes, Wrongs, or Other Acts," requires the following: "On request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial . . . ." Fed.R.Evid. 404(b)(2)(a). Such notice includes "the nature of the incident, the date, time and place of the incident, and the identity of persons having knowledge of such incident(s)." *United States v. Wells*, 13-cr-00008, 2013 U.S. Dist. LEXIS 130601, at *3 (D. Alaska Sept. 11, 2013). For the reasons discussed above, Mr. Ellis requests that the government be ordered to disclose whether it intends to introduce evidence of Mr. Ellis's arrest in 2008 and, if so, the purpose of any such evidence.

## III. THE GOVERNMENT MUST DISCLOSE THE IDENTITY OF CONFIDENTIAL INFORMANT "X"

"The government has a limited privilege to withhold an informant's identity." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)).

If the government intends to call "X" as a witness at trial, it must disclose to the defendant the identity of "X" as well as any material impeachment information relating to "X." *United States v. Bernard*, No. CR-08-463, 2009 WL 4723329, at *3 (N.D. Cal. Dec. 4, 2009) ("Because the government intends to call the confidential informant as a witness at trial, it concedes that it must disclose his or her identity and material impeachment evidence to the defendant"); *see also United States v. Hollis*, 245 F.23d 671, 674 (8th Cir. 2001) (government is not required to disclose identity of confidential informant if it will not call informant to testify at trial and informant did not participate in the offense).

Even if the government will not call "X" as a witness at trial, the government must still disclose the informant's identity "or the contents of his communications" to the defendant if that disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of the case." *Roviaro,* 353 U.S. at 60. Whether disclosure is required depends on the circumstances of the case, including the offense charged, possible defenses, the significance of the informant's testimony and other relevant factors. *Id.* at 62; *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986). Furthermore, disclosure of the identity of the informant and his or her communications may be required under *Brady* if it is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Wilkins*, 326 F.2d 135, 138 (2d Cir. 1964) (requiring disclosure of favorable evidence).

Whatever "X" said to the Oakland Police Department was used by OPD to obtain search warrants, and the defendant contends that those warrants and the resulting searches were unlawful. Given that the statements allegedly made by "X" to OPD comprised virtually the only source of information for what OPD claims was probable cause to support the warrants, "X's" identity is a critically important component to Ellis's ability to challenge the searches. Disclosure of "X's" identity is therefore warranted. *United States v. Feil*, No. 09-0863, 2011 U.S. Dist. LEXIS 41660, at *4-5 (N.D. Cal. Apr. 13, 2011) ("disclosure may be necessary where probable cause for a search was based solely on the information provided by the informant and the constitutionality of the search is at issue."); *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. Ariz. 1993) (order requiring disclosure of the identity of a confidential informant is justified where defendant demonstrates that

"disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause." (internal quotation marks omitted).) In addition, whatever "X" told the OPD related directly to the events underlying the federal charges and "X" may be either a witness of the government or, possibly, for the defense. *United States v. Armstrong*, CR 11-777, 2012 U.S. Dist. LEXIS 140790, at *2, 5 (N.D. Cal. Sept. 28, 2012) (ordering disclosure of confidential informant's identity in light of "CI's centrality to the case").

At the very least, Ellis has made the necessary showing to justify an in camera hearing on the issue of disclosure of the identity of "X." "As an alternative to actual disclosure, a district court may choose to allow defense counsel to participate in an in camera hearing so that any question of prejudice will be subject to adversarial presentation." *United States v. Fowlie*, 24 F.3d 1059, 1066 (9th Cir. Cal. 1994). An in camera hearing on the disclosure of a confidential informant's identity is "required" where the defendant makes a "minimal threshold showing" that disclosure would be helpful to a defense or essential to a fair determination of a cause. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. Cal. 1993). Mr. Ellis has satisfied the required "minimal threshold showing." The government should be ordered to disclose the identity of "X," or, at the very least, the Court should order an in camera hearing regarding "X's" identity.

**CONCLUSION**

For the reasons discussed above, the defendants request that the Court grant the Motion and order the following: (1) that the government produce all outstanding discovery, including the discovery items listed in this Motion; (2) that the government comply with its obligations under Rule 404(b) and disclose if and how it intends to introduce at trial evidence relating to Mr. Ellis's arrest in 2008; and (3) that the government disclose the identity of the confidential informant or, in the alternative, order an in camera hearing regarding the same.

Dated:  February 6, 2015                                         BOERSCH SHAPIRO LLP


                                                                 */s/ Martha Boersch*
                                                                 Martha Boersch