JAMES PHILLIP VAUGHNS, CSBN 124040
Law Offices of James P. Vaughns
6114 LaSalle Avenue, Suite 289
Oakland, California  94611
Telephone:     510-583-9622
Fax:           510-886-7218
Email:         vaughnslaw@aol.com

Counsel for Defendant
Damien McDANIEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 13-00818 PJH |
|---|---|---|
| Plaintiff, | ) ) | NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS |
| v. | ) ) | May 13, 2015 |
| DAMIEN McDANIEL, et. al. | ) ) | 1:30 p.m. Hon. Phyllis J. Hamilton |
| Defendants. | ) ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES

ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on the date and at the time indicated above, ***all defendants in the instant case***, through their respective counsel, will and hereby do move this Court to order the Government to provide a Bill of Particulars setting out the requested information in sufficient detail to allow defendants to adequately prepare their defense.

This motion is based on Rule 7(f) of the Federal Rules of Criminal Procedure, the Constitution of the United States of America , the cases and authorities set forth in this motion, the files and record of this case, and such other authorities which are argued at the hearing on this motion.

**INTRODUCTION**

Defendant Damien McDaniel and his three co-defendants are charged in the Indictment with a number of crimes, paramount among them is Count One, Racketeering Conspiracy, in violation of 18 U.S.C. §1959(a)(5) and 2. The Government generally claims that the defendants were members of "Sem City" which is characterized as a violent street gang. This gang is alleged to have operated in the Seminary neighborhood of Oakland and its members are alleged to have had certain ways of identifying themselves, to have had certain obligations as gang members, and to have engaged in "criminal activity."

The Government does not identify in the Indictment any specific activities commonly defined in other cases as overt acts by the defendants, but it has charged substantive counts against all defendants that stem from two alleged shooting incidents; one having occurred on January 20, 2013 and the other having occurred on January 21, 2013.

Because the Racketeering Conspiracy charge is premised on the defendants' membership in the so-called Sem City gang, it is critical that they have adequate information about the gang, its structure, and the facts of each defendant's membership in order to adequately prepare for trial of this case.

**REQUESTED INFORMATION**

The defendants request this Court to order the government to provide a Bill of Particulars, including the following information, to allow them to adequately prepare for trial:

**1. The Government should be required to inform defendants on what date each defendant is alleged to have joined Sem City**.

The Indictment avers that the defendants "together with others known and unknown, each being a person *employed by* and *associated with* Sem City" conspired to violate 18 U.S.C. §1962(c) from at least 2007 through, and including December 2013. However, there is no indication of when any individual defendant joined Sem City, or whether all defendants are believed to have joined at once.

This information is necessary to determine whether, and how, Federal Rule of Evidence 801(d)(2)(E) may apply to statements was made by declarants during the course of an alleged conspiracy of which they and the person the statement is offered against were members. Bourjaily v. United States, 483 U.S. 171, 175 (1987). As this conspiracy is alleged to have commenced "at least" in 2007 when one defendant - Joseph Pennymon - was 17 years old and another - Deante Kincaid - was 24 years old, it is critical that the defense know when each defendant is alleged to have joined the conspiracy, or if it is contended that - somehow - teenagers and adults just happened to align themselves in the criminal enterprise at the same instant..

Additionally, paragraph 9 of the Indictment provides a veritable laundry list of state and federal criminal acts the Government apparently believes Sem City members engaged in. Because a defendant is not liable for any acts that predates his membership in the conspiracy, the dates of entry into Sem City are critical to the defense. Pinkerton v. United States, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946).

**2. The Government should be required to provide the defense with a list of alleged "employees" and "associates", or at least a definition of those terms as they are used in paragraph 9.**

**3. The Government should be required to inform the defense which leaders of Sem City individuals were so "feared" and "respected" that their directions "were required to be followed by other members" of Sem City. In like fashion, the Government should identify those persons "below the leaders" who were shooters and prepared to commit violence on behalf of Sem City as stated in paragraph 5 of the Indictment**.

**4. The Government should be required to inform the defense of how members of Sem City were expected to protect the "name, reputation, and status" of the gang.**

To be found guilty of a conspiracy, it must be proved that a defendant "knew about and agreed to facilitate the scheme." United States v. Fiander, 547 F.3d 1026, 1041 (9th Cir. 2008); Salinas v. United States, 522 U.S. 52, (1997). Without more information now regarding which "leaders" framed the scheme and which "shooters" facilitated the scheme, the defense will be forced to await the Government's trial evidence and then have to craft a response on the fly - so to speak.

The Government has provided, as part of discovery in this case, a number of rap music videos. In these videos, there are references to various named persons. Clearly, the Government believes there is some connection between these videos and law enforcement's identification of Sem City members and their activities. Thus, it does not seem to be too much to ask that the Government provide the requested identifications. While the defense does not expect the Government to educate the defense on rap music lyric translation, a simple list of leaders and shooters will suffice.

**CONCLUSION**

The purpose of an Indictment is to furnish defendants with a sufficient description of the charges against them to enable them to prepare their defenses, to ensure that each defendant is prosecuted on the basis of facts presented to the grand jury, to enable each to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979).

A bill of particulars is intended to apprise a defendant of the charges in sufficient detail to minimize surprise at trial, to allow the defendant to prepare a defense, and to protect against double jeopardy. United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). The scope and specificity of a bill of particulars rest within the sound discretion of the trial court. Its decision will not be disturbed unless the court abused its discretion. Long, supra, at 1054.

Without the requested information, these defendants will be unable to adequately prepare for

4

trial and the risk of surprise at trial will be substantial. For the foregoing reasons, each defendant moves the court to order the Government to provide a Bill of Particulars containing the requested information allowing them to adequately prepare their defenses, giving them the ability to meaningfully confront adverse witnesses, allowing them to use compulsory process, and enabling them to mount defenses that are not inhibited by a failure to disclose necessary facts.

Dated: February 4, 2015                         Respectfully submitted,


                                                -S-
                                                _____
                                                JAMES PHILLIP VAUGHNS
                                                Attorney for Damiem McDANIEL