UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAMIEN EDWARD MCDANIEL,<br>Defendant. | Case No. 13-cr-00818-PJH-3<br>**ORDER DISMISSING REQUEST FOR RELIEF WITHOUT PREJUDICE; NOTICE RE 28 U.S.C. § 2255 MOTION**<br>Re: Dkt. No. 396 |
|---|---|

Before the court is a letter filed by defendant Damien Edward McDaniel, appearing pro se, challenging the validity of the criminal statutes under which he was prosecuted and convicted and seeking relief from imprisonment. Dkt. no. 396. For the reasons set forth below, the request for relief is DISMISSED WITHOUT PREJUDICE to renewing the request with defendant's consent to recharacterize the request as a 28 U.S.C. § 2255 motion, or filing a single all-inclusive § 2255 motion that asserts all his claims for collateral relief.

**I.     Background**

Defendant is currently serving a sentence imposed by this court. Defendant pleaded guilty, pursuant to a written plea agreement, to the following counts and special findings of the indictment: Count One, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); Special Finding One, Conspiracy to Murder in violation of California Penal Code §§ 187, 188, 189, and 182; Special Finding Two, Attempted First Degree Murder of Victim-1 in violation of California Penal Code §§ 187, 188, 189, 21a, and 664; Count Two, Attempted Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5);

Count Six, Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3); and Count Seven, Use/Possession/Brandish/Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). On September 20, 2017, the court sentenced defendant to a term of imprisonment of 276 months on Count One, 120 months on Count Two, and 240 months on Count Six, all counts to run concurrently; and 120 months on Count Seven to run consecutively to all other counts, for a total term of imprisonment of 396 months. The court further sentenced defendant to a term of supervised release of three years on each of Counts Two and Six, and five years on Counts One and Seven, with all counts to run concurrently for a total term of supervised release of five years; and a special assessment of $100 on each of Counts One, Two, Six and Seven, for a total assessment of $400. The court entered an amended judgment on September 27, 2017.

On June 11, 2018, defendant filed a pro se notice of appeal from the judgment. On September 17, 2018, the Ninth Circuit dismissed the appeal as untimely.

## II. Motion for Relief from Sentence

Defendant seeks relief from imprisonment on the grounds that he is a natural person who is not subject to a quasi-court system; that a quasi-court or administrative court system forced a lawyer upon him; that the grand jury system perpetrated by the corporate government, the court, and the bar association takes away the rights of the sovereign people under common law and is controlled by the prosecuting attorney; that the governments are corporations and that statutes created by corporate governments cannot be enforced against the sovereign people; and that there are no criminal laws in America and that federal crimes cannot be enforced. Dkt. no. 396. To the extent that defendant seeks to challenge his sentence and conviction, such a motion to vacate, set aside or correct the sentence is governed by 28 U.S.C. § 2255. *See Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action

2

open to the defendant.")) (internal citation and quotation marks omitted). A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In appropriate circumstances, the statute of limitations in § 2255 may be subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004).

Although defendant did not characterize his request for sentence relief as a § 2255 motion, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion was construed as a habeas petition)). However, a court may not construe or recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 377 (2003). As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001). If this is not done, a

recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision. *Castro*, 540 U.S. at 377. Section 2255 requires that before a "second or successive" § 2255 motion is filed, it must first be certified by a panel of the court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Defendant's current motion seeks relief from the sentence and conviction, but it does not expressly allege cognizable grounds to vacate, set aside or correct the sentence pursuant to § 2255. Thus, the court will provide defendant McDaniel an opportunity to clarify whether he seeks relief pursuant to § 2255 and provide him notice of the potential adverse consequences of treating his request for relief as a § 2255 motion. That is, before recharacterizing the instant motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the court provides defendant McDaniel with (a) notice that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383, and (b) an opportunity to withdraw the motion and file a single, all-inclusive § 2255 motion under procedures set forth in *Seesing* and *Castro*.

In providing defendant with the opportunity to withdraw the present motion to avoid restrictions on filing second or successive § 2255 motions, the court identifies two deficiencies in his motion for relief from the sentence, as currently filed. First, defendant waived his right to file a motion challenging his sentence by entering the plea agreement, dkt. no. 299, in which defendant agreed not to file a § 2255 motion or other collateral challenge to his conviction or sentence, except that he reserved his right to claim that his counsel was ineffective. Plea Agreement ¶ 5. Thus, under the terms of defendant's plea agreement, claims pursuant to § 2255 and other collateral challenges to the conviction or

4

sentence are waived except for a claim of ineffective assistance of counsel.

Second, defendant's request for relief from the sentence, as currently filed, presents no cognizable ground to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255. Under § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a § 2255 motion fails to present any colorable claim for relief from the sentence, the motion will be dismissed upon initial review by the court.

In the interest of managing the court's docket, the court will set a deadline of 60 days from the date of this order by which defendant must either (1) consent to having the motion for sentence relief construed as a § 2255 motion, or (2) file a new § 2255 motion, if he chooses not to consent to recharacterizing the instant motion as a § 2255 motion.

### III. *Castro* Notice

The court hereby provides notice of the potential adverse consequences of recharacterizing the request for sentence relief as a § 2255 motion:

**NOTICE**

The court may not recharacterize a pro se litigant's motion as a first § 2255 motion unless either the pro se prisoner consents, with knowledge of the restrictions on second or successive motions, or the court offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

5

Under *Castro* and *Seesing*, the court **HEREBY NOTIFIES** defendant McDaniel that he may either (a) file a statement consenting to the recharacterization of his request for sentence relief as a motion to vacate, set aside or correct the sentence under § 2255, or (b) withdraw the instant request and file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion. Failure to assert all of the grounds for relief in a single motion may preclude McDaniel from asserting other grounds in a second or successive § 2255 motion.

**If McDaniel does not file a response to this notice within sixty (60) days, the request for sentence relief will remain DISMISSED WITHOUT PREJUDICE and will not be construed as a § 2255 motion.**

## IV. Conclusion

For the foregoing reasons, the request for relief from the conviction is DISMISSED without prejudice. Dkt. no. 396. Furthermore, IT IS ORDERED that, for the request for sentence relief to be recharacterized as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, defendant may, **within sixty (60) days of the date of this order**, either

(a) file a statement indicating his consent to recharacterizing the present motion as a § 2255 motion; or

(b) withdraw the present motion and file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief.

If within sixty (60) days of the date of this order, the court has received nothing from defendant, the request for sentence relief (dkt. no. 396) will not be construed as a § 2255 motion and will remain DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: November 5, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

    v.

MCDANIEL,

        Defendant.

Case No. 13-cr-00818-PJH-3

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 5, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Damien Edward McDaniel 19356-111
USP - Victorville
P.O. Box 3900
Adelanto, CA 92301

Dated: November 5, 2018

                              Susan Y. Soong
                              Clerk, United States District Court

                              *Kelly Collins*
                              _____
                              Kelly Collins, Deputy Clerk to the
                              Honorable PHYLLIS J. HAMILTON