UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13-cr-00818-PJH-3 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME** |
| DAMIEN MCDANIEL, | |
| Defendant. | Re: Dkt. No. 402 |

Before the court is the second motion of defendant Damien McDaniel for appointment of counsel to seek post-conviction relief. Dkt. no. 402. See dkt. nos. 399, 400. As set forth in the December 3, 2018, order denying defendant's previously-filed request for appointment of counsel, the Sixth Amendment's right to counsel does not apply in habeas corpus actions, but 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Dkt. no. 401 (citing *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986)). In light of the record and the complexity of the legal issues involved, namely, trial counsel's alleged failure to assist defendant in filing appeals as promised, the court does not find that defendant is unable to articulate his claims pro se. Therefore, the court denies the motion for appointment of counsel on the ground that the interests of justice do not require appointment of counsel at this time.

Defendant also seeks an extension of time on the deadline, which the court construes as a request for an extension of time to file a motion to vacate, set aside or

correct the sentence pursuant to 28 U.S.C. § 2255.  On November 5, 2018, the court issued an Order Dismissing Request for Relief Without Prejudice and Notice re 28 U.S.C. § 2255 Motion, notifying defendant that treating his request for relief filed October 18, 2018, as a § 2255 motion could have potential adverse consequences because any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions.  The court provided defendant with the opportunity to withdraw that previously-filed motion and file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief within 60 days of the date of the order, or January 4, 2019.  On November 19, 2018, defendant timely responded by withdrawing the earlier-filed motion and requesting appointment of counsel, which the court denied by the order entered December 3, 2018.  However, defendant did not timely file a new § 2255 motion by the deadline set by the court, and has not offered grounds for an extension of time.

Under § 2255, a motion to vacate, set aside or correct a federal sentence must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final;  (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  Under Ninth Circuit authority, the one-year limitations period based on the date the judgment of conviction became final starts to run after the time to file a direct appeal expired, that is, October 11, 2017, which is 14 days after entry of the judgment, as amended on September 27, 2017.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [the defendant] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal").

Because defendant has not offered a basis for tolling the limitations period, his request for an extension of time is DENIED WITHOUT PREJUDICE.  If defendant opts to

2

file a § 2255 motion, he must provide grounds for tolling the one-year statute of limitations. "To be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is available if the prisoner satisfies the "very high threshold" of showing that "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" *Id.* (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

If defendant files a § 2255 motion, he is instructed to use the court-approved form for filing § 2255 motions, which is attached to this order.

**IT IS SO ORDERED.**

Dated: June 26, 2019

PHYLLIS J. HAMILTON
United States District Judge