UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAMIEN EDWARD MCDANIEL,<br>Defendant. | Case No. 13-cr-00818-PJH-3<br><br>**ORDER DENYING MOTION FOR EQUITABLE TOLLING; REFERRING CASE TO FEDERAL PUBLIC DEFENDER PURSUANT TO MISCELLANEOUS ORDER 2019.08.05**<br><br>Re: Dkt. No. 407 |

Defendant Damien Edward McDaniel, appearing pro se, has filed a motion for equitable tolling of the one-year limitation period to file a motion under 28 U.S.C. § 2255. For the reasons set forth below, the motion for equitable tolling does not allege sufficient grounds to warrant equitable tolling and therefore is DENIED.

**I.  BACKGROUND**

Defendant is currently serving a sentence imposed by this court. Defendant pleaded guilty, pursuant to a written plea agreement, to the following counts and special findings of the indictment: Count One, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); Special Finding One, Conspiracy to Murder in violation of California Penal Code §§ 187, 188, 189, and 182; Special Finding Two, Attempted First Degree Murder of Victim-1 in violation of California Penal Code §§ 187, 188, 189, 21a, and 664; Count Two, Attempted Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5) and § 2; Count Six, Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3) and § 2; and Count Seven, Use/Possession/ Brandish/Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A).

On September 20, 2017, the court sentenced defendant to a term of imprisonment of 276 months on Count One, 120 months on Count Two, and 240 months on Count Six, all counts to run concurrently; and 120 months on Count Seven to run consecutively to all other counts, for a total term of imprisonment of 396 months. The court further sentenced defendant to a term of supervised release of three years on each of Counts Two and Six, and five years on Counts One and Seven, with all counts to run concurrently for a total term of supervised release of five years; and a special assessment of $100 on each of Counts One, Two, Six and Seven, for a total assessment of $400. The court entered an amended judgment on September 27, 2017.

On June 11, 2018, defendant, appearing pro se, filed a notice of appeal from the amended judgment. The Court of Appeals docket indicates that the clerk of court issued an order stating that "the notice of appeal was not filed within 14 days after entry of the amended judgment [citing Fed. R. App. P. 4(b)(1)(A)], or within the additional 30 days provided in Federal Rule of Appellate Procedure 4(b)(4)." *United States v. McDaniel,* No. 18-10222 (9th Cir. June 13, 2018). The Ninth Circuit clerk ordered defendant to file a motion for voluntary dismissal of the appeal or to show cause in writing why the appeal should not be dismissed for lack of a timely notice of appeal. Defendant filed a show cause response, to which the government filed a reply. Following review of defendant's response, which stated that "appellant's failure to take a timely notice of appeal resulted from constitutionally ineffective assistance of counsel," the Ninth Circuit dismissed the appeal as untimely. *McDaniel,* No. 18-10222 (9th Cir. Sept. 17, 2018).

On October 18, 2018, defendant filed a letter in this court seeking relief from imprisonment on the grounds that he is a natural person who is not subject to a quasi-court system; that a quasi-court or administrative court system forced a lawyer upon him; that the grand jury system perpetrated by the corporate government, the court, and the bar association takes away the rights of the sovereign people under common law and is controlled by the prosecuting attorney; that the governments are corporations and that statutes created by corporate governments cannot be enforced against the sovereign

people; and that there are no criminal laws in America and that federal crimes cannot be enforced. Dkt. no. 396. The court issued an order notifying defendant of the restrictions on filing second or successive § 2255 motions, dismissing the letter request without characterizing it as a § 2255 motion, and giving defendant the opportunity either (a) to file a statement indicating his consent to recharacterizing the letter request as a § 2255 motion; or (b) to withdraw the present motion and file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief, by January 4, 2019. Dkt. no. 398 (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)).

On November 19, 2018, defendant filed a response asking the court to dismiss the earlier filed request for relief from the sentence, "so that defendant does not damage his § 2255 motion remedies," and asking for appointment of counsel to file a § 2255 motion. Dkt. no. 399. The court did not find that defendant was unable to articulate his claims pro se in light of the complexity of the legal issues involved, and denied the motion for appointment of counsel by order entered December 3, 2018. Dkt. no. 401.

On June 13, 2019, defendant filed a letter seeking appointment of counsel, on the grounds that trial counsel failed to assist him in filing an appeal as promised, and an extension of time on the filing deadlines. Dkt. no. 402. By order entered June 26, 2019, the court denied defendant's second request for appointment of counsel and request for extension of time, and instructed defendant to provide grounds for tolling the one-year statute of limitations if he files a § 2255 motion. Dkt. no. 403 (citing *United States v. Gilbert,* 807 F.3d 1197, 1202 (9th Cir. 2015)). The court also provided the court-approved form for filing a § 2255 motion, as an attachment to the order.

On July 22, 2019, defendant filed the instant motion for equitable tolling. Dkt. no. 406. To date, defendant has not filed a § 2255 motion.

**II.    LEGAL STANDARD**

"To be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Gilbert*, 807 F.3d 1197,

3

1202 (9th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is available if the prisoner satisfies the "very high threshold" of showing that "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness.'" *Id.* (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

**III. DISCUSSION**

Defendant seeks equitable tolling of the one-year limitations period on the grounds that he is incompetent in legal literacy skills and was rendered ineffective assistance of counsel in filing a timely notice of appeal. Dkt. no. 407. Defendant also asserts that he has a history of drug addiction that has caused diminished mental capacity, and that his drug dependency led him to seek assistance of counsel, who misled him to believe that an appeal was being filed for him. Defendant argues that he was unable to file his direct appeal and § 2255 motion on a timely basis, without the assistance of counsel, due to his "specious interpretation of court documents and procedures … coupled with the fact of his diminished mental capacity from drug dependency and the adverse effects of all his [pro se] submitted filings." Dkt. no. 407 at 2.

Defendant has not demonstrated any extraordinary circumstance that made it impossible for him to file a timely § 2255 motion or that extraordinary circumstances caused the untimeliness. None of the reasons given by defendant provide a sufficient basis for equitable tolling of the one-year limitations period. General ignorance of the law is not a ground for equitable tolling. "While [a habeas petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)).

As to defendant's assertion that he was unable to file a timely § 2255 motion due in part to his diminished mental capacity, he has not demonstrated that a mental impairment was an extraordinary circumstance warranting equitable tolling under the two-

4

part *Bills* test established by the Ninth Circuit:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Stancle v. Clay*, 692 F.3d 948, 958–59 (9th Cir. 2012) (quoting *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010)). In order for a habeas petitioner to be eligible for equitable tolling due to a mental impairment, both parts of the *Bills* two-part test must be satisfied. *Id.* at 959. Here, the first part of the *Bills* test is not satisfied in light of his November 11, 2018, written response to the court's order giving him notice of the potential adverse consequences of having his October 18, 2018, letter recharacterized as a § 2255 motion, which reflects that defendant was not rendered unable to understand the need to file a timely § 2255 motion or unable to prepare and file a § 2255 motion. Even after the court denied defendant's request to appoint counsel by order entered December 3, 2018, defendant did not file a § 2255 motion but filed a second request for appointment of counsel and a request for extension of time on June 13, 2019.

Nor has defendant demonstrated, under the second prong of the *Bills* test, that a mental impairment caused an untimely filing, given that he understood the need to file a timely § 2255 motion as reflected in his request for appointment of counsel which acknowledged the 60-day deadline set by the November 5, 2018, order. Dkt. no. 399. The court further notes that on the present record, defendant has not demonstrated diligence in pursuing his claims to the extent that he could understand them, in that he has filed several documents without indicating what challenges to his conviction he would

5

have raised on direct appeal, if not for the alleged ineffective assistance of counsel in failing to file an appeal.

Accordingly, defendant's request for equitable tolling is DENIED.

## IV.   LIMITED REFERRAL TO FEDERAL PUBLIC DEFENDER FOR *DAVIS* REVIEW

Although defendant has not filed a § 2255 motion, because he was convicted of Count Seven for violation of 18 U.S.C. § 924(c)(1)(A), the court refers his case to the Office of the Federal Public Defender pursuant to Miscellaneous Order 2019.08.05 to review his conviction and determine whether he may qualify for relief under the holding of *United States v. Davis,* 139 S. Ct. 2319 (2019).

The Clerk is directed to serve defendant McDaniel with a copy of Miscellaneous Order 2019.08.05, and to provide the FPD's Office with a copy of this referral order.

**IT IS SO ORDERED.**

Dated:  August 12, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge