UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAMIEN EDWARD MCDANIEL,<br>Defendant. | Case No. 13-cr-00818-PJH-3<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 502 |

Before the court is the motion of defendant Damien Edward McDaniel for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

Defendant filed a pro se motion for compassionate release on May 2, 2022. See Dkt. 502. Pursuant to this court's Miscellaneous Order 2019.01.25, defendant's pro se motion for compassionate release was referred to the Federal Public Defender, who had "21 days to decide whether to assume representation of the defendant." See Misc. Order 2019.01.25.

On May 24, 2022, the Federal Public Defender filed a statement indicating that "it does not intend to assume representation of the defendant" and "in so doing, the FPD takes no position on the defendant's motion." See Dkt. 508.

The court then issued an order setting a briefing schedule on defendant's pro se motion. See Dkt. 509. In the order, the court noted that there is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). See id. at 1 (citing

United States v. Townsend, 98 F.3d 510, 512-513 (9th Cir. 1996)).  Nor is there a statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c).

The government filed an opposition to the motion for compassionate release.  See Dkt. 512.  The Probation Office also provided a response to the compassionate release motion.  See Dkt. 514.

Because the government did not file a proof of service for its opposition brief, the court directed the government to serve the opposition brief on defendant and file a proof of service on July 7, 2022.  See Dkt. 519.  The court also gave defendant an additional fourteen days to file a reply.  That time period having now passed, defendant has not filed a reply to the government's opposition brief.  However, defendant previously sent letters to the court with information about certificates he has completed while in custody.  See Dkt. 504, 506, 516.  The court has considered the supplemental information provided by defendant as part of this motion.

Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

I.  **BACKGROUND**

On April 27, 2017, defendant pled guilty to one count of racketeering in violation of 18 U.S.C. § 1962(d), one count of attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), one count of assault with a dangerous weapon resulting in serious bodily injury in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and one count of the use, possession, brandishing, or discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  See Dkt. 299.

In his plea agreement, defendant admitted to associating with a gang from his neighborhood in Oakland known as "Sem City," and to participating in two gang-related shootings on consecutive days in January 2013.  See Dkt. 299.  Specifically, on January

20, 2013, defendant admitted to shooting at a rival gang member at close range[1], attempting to kill him. Id. at 5-6. Defendant further admitted that, on January 21, 2013, he shot an undercover police officer in the arm. Id. at 6.

On September 20, 2017, the court sentenced defendant to concurrent sentences of 276 months, 120 months, and 240 months imprisonment on the racketeering-related counts, and a consecutive 120-month sentence on the section 924(c) count, for a total sentence of 396 months imprisonment, to be followed by five years of supervised release. See Dkt. 353.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at USP Hazleton. Defendant has served approximately 113 months of his sentence. Dkt. 512 at 8. Defendant has approximately 283 months remaining on his prison term, based on a projected release date of July 19, 2041. Id. Defendant now seeks a reduction of sentence and/or home confinement.

## II.    DISCUSSION

### A.    Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). The court may modify a previously imposed sentence upon motion of the BOP or motion of

---

[1] The government's opposition brief claims that defendant shot the rival gang member in the head, citing defendant's plea agreement. See Dkt. 512 at 2, 7. However, at defendant's change of plea hearing, he claimed that portion of the plea agreement was inaccurate, and that he shot at the victim from 10 to 12 feet away, rather than in the manner described in the plea agreement. See Dkt. 308 (change of plea hearing transcript) at 38-45. The government's subsequent sentencing memo similarly claimed only that defendant shot "from just 10 or 12 feet away," and at sentencing, the government again clarified that defendant "said under oath that he shot at the group of men from about 10 feet away" and "denied having shot the first victim in the head." See Dkt. 348 (sentencing memo) at 2; Dkt. 417 (sentencing hearing transcript) at 26-27. Given the factual ambiguity over who shot the victim in the head, and given that the government and the court did not rely on that fact during sentencing, the court finds it would be improper to rely on that alleged fact now, as the government's opposition brief has done. Accordingly, for purposes of this motion, the court will rely on only those facts that defendant admitted to during his change of plea or sentencing proceedings.

the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

B.   Requirements for Relief

1.   Exhaustion

The government first argues that defendant has failed to exhaust his administrative remedies under § 3582(c)(2) because BOP records indicate that he has not requested compassionate release.  See Dkt. 512 at 3.

The court agrees that defendant has not shown, or even alleged, that he has administratively exhausted his request for compassionate release.  On that basis alone, defendant's motion must be DENIED.

2.   Extraordinary and Compelling Reasons

Although the court need not consider the merits of defendant's motion due to the failure to exhaust administrative remedies, the court finds that defendant's motion does not present extraordinary and compelling circumstances warranting release.

While section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify

4

1  three sets of such circumstances: "medical condition of the defendant," "age of the
2  defendant," and "family circumstances."  U.S.S.G. § 1B1.13, cmt. n.1.  The Ninth Circuit
3  has held that the policy statement is not binding, but that courts may consider those
4  identified circumstances.  See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

5        Defendant's motion and reply indicate that defendant has taken many courses
6  while imprisoned.  In particular, defendant has submitted recent test scores and
7  certificates showing his progress.  See, e.g., Dkt. 504, 506, 516.  While the court finds
8  defendant's achievements commendable, they do not constitute the type of
9  "extraordinary and compelling circumstances" for which courts have granted
10 compassionate release.  Thus, while the court has already found that defendant's motion
11 must be denied due to failure to exhaust administrative remedies, the lack of
12 extraordinary and compelling circumstances provides a separate, sufficient basis on
13 which defendant's motion must be DENIED.

14       **3.**    **Section 3553(a) Factors**

15       The court further finds that the requested reduction of defendant's sentence would
16 not serve the need for the sentence to reflect the seriousness of the offense, to promote
17 respect for the law, to provide just punishment for the offense, to afford adequate
18 deterrence to criminal conduct, or to avoid unwarranted sentence disparities among
19 defendants with similar records who have been found guilty of similar conduct.  See 18
20 U.S.C. § 3553(a)(2)(A)–(C).

21       As described above, the offenses to which defendant admitted were extraordinarily
22 serious.  He participated in two shootings within a 24-hour period.  Moreover, defendant
23 has more than two-thirds of his sentence remaining to be served.  Simply put, a reduction
24 in sentence from 396 months to 113 months would create an unwarranted disparity
25 among defendants with similar records who have been found guilty of similar conduct.
26 Such a reduction in sentence would also not afford adequate deterrence to criminal
27 conduct, reflect the seriousness of the offense, promote respect for the law, and provide
28 just punishment for the offense.  Thus, even if defendant had exhausted his

administrative remedies and had shown extraordinary and compelling circumstances warranting release, his motion must still be DENIED for the separate and independent reason that a reduced sentence would not serve the needs of the sentencing factors set forth in section 3553(a).

### C.     Home confinement

To the extent that defendant seeks release to home confinement under 18 U.S.C. § 3624(c)(2), the court has no authority to designate the place of confinement. The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")). The recommendations of the sentencing court to the BOP for where the sentence should be served are only given non-binding weight. Id. "'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'" Id. (quoting United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984)).

### III.    CONCLUSION

For the reasons set forth above, the motion for reduction of sentence (Dkt. 502) is DENIED.

**IT IS SO ORDERED.**

Dated:  August 25, 2022

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

6