United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAMIEN EDWARD MCDANIEL,

Defendant.

Case No. 13-cr-00818-PJH-3

**ORDER DENYING REQUEST TO APPOINT COUNSEL**

Re: Dkt. No. 614

Defendant in the above-captioned case has filed a request for appointment of counsel to file a motion under 28 U.S.C. § 2255. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Generally, the decision to appoint counsel is within the district court's discretion. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of section 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. Id. Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held, however, appointment of counsel is mandatory. See Chaney, 801 F.2d at 1196; see also Rule 8(c) of the Rules on Motion Attacking Sentence Under Section 2255.

In view of the court's familiarity with defendant's case, having reviewed evidence brought in this case, having ruled on several pretrial motions brought by defendant and his co-defendants in this case, and having taken defendant's guilty plea, the court does not find that defendant is unable to articulate his claims pro se in light of the complexity of the legal issues involved.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Moreover, the court notes that defendant has already filed one § 2255 petition, which was denied in September 2020.  See Dkt. 445.  Defendant may not bring a "second or successive" § 2255 petition without first obtaining a certification from the court of appeals.  See United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (internal citations omitted); 28 U.S.C. § 2255(h).  There is no indication that defendant has obtained such a certification in this case.

Therefore, the court determines that the interests of justice do not require appointment of counsel at this time.

Accordingly, defendant's request for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated:  February 2, 2026

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

2